OPINION
{¶ 1} Defendant-appellant, Darren K. Staten, appeals from a judgment of conviction and sentence entered by the Franklin County Court of Common Pleas. Because the trial court properly accepted appellant's guilty plea, we affirm that judgment.
 {¶ 2} On September 22, 2004, appellant was charged with one count of abduction in violation of R.C. 2905.02, one count of felonious assault in violation of R.C. 2903.11, one count of rape in violation of R.C. 2907.02, and one count of robbery in violation of R.C. 2911.02. The charges arose from a confrontation between appellant and his girlfriend. Appellant initially entered a not guilty plea to the charges and proceeded to a jury trial. On February 1, 2005, after a jury had been seated to hear appellant's case, appellant entered a guilty plea to one count of felonious assault. The remaining charges were dismissed. After discussing the guilty plea with appellant, the trial court accepted appellant's guilty plea, found him guilty, and sentenced him pursuant to the parties' jointly recommended sentence.
 {¶ 3} Appellant now appeals, assigning the following error:
THE TRIAL COURT ERRED WHEN IT FAILED TO INFORM THE DEFENDANT OF THE NATURE OF THE CHARGE AGAINST HIM AND THE RESULTING GUILTY PLEA WAS THEREFORE NOT KNOWINGLY, INTELLIGENTLY, OR VOLUNTARILY ENTERED.
 {¶ 4} Appellant contends the trial court should not have accepted his guilty plea because it failed to comply with the requirements in Crim.R. 11(C). We disagree.
 {¶ 5} Crim.R. 11(C) governs the procedure that a trial court must follow before accepting a guilty plea. Crim.R. 11(C)(2) provides:
In felony cases the court may refuse to accept a plea of guilty or a plea of no contest, and shall not accept a plea of guilty or no contest without first addressing the defendant personally and doing all of the following:
(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.
 {¶ 6} In his sole assignment of error, appellant argues that the trial court failed to determine that he understood the nature of the charge against him before accepting his guilty plea. Crim.R. 11(C)(2)(a) requires a trial court to determine that the defendant has an understanding of the nature of the charge before the trial court accepts the defendant's guilty plea. In contrast to the requirements contained in Crim.R. 11(C)(2)(c) which involve constitutional rights, a trial court need only substantially comply with the non-constitutional requirements contained in Crim.R. 11(C)(2)(a) and (b). State v. Stewart
(1977), 51 Ohio St.2d 86, 93; State v. Jordan (Mar. 2, 1999), Franklin App. No. 97APA11-1517. "Substantial compliance means that under the totality of the circumstances the defendant subjectively understands the implications of his plea and the rights he is waiving." State v. Nero (1990), 56 Ohio St.3d 106,108. Appellant must also show that the trial court's failure to comply had a prejudicial effect. Id. The test is whether the plea would otherwise have been made. Jordan.
 {¶ 7} At his plea hearing, the trial court did not discuss with appellant the elements of the charge of felonious assault, nor did the trial court specifically ask appellant if he understood the nature of the charge. This court has held, however, that it is not always necessary for a trial court to advise the defendant of the elements of the charge or to ask him if he understands the charge, so long as the totality of the circumstances demonstrate that the defendant understood the charge. State v. Rainey (1982), 3 Ohio App.3d 441, paragraph one of the syllabus; State v. Thomas, Franklin App. No. 04AP-866, 2005-Ohio-2389, at ¶ 11; State v. Cantrell (Mar. 26, 2002), Franklin App. No. 01AP-818.
 {¶ 8} The totality of the circumstances reflected in the record indicate that appellant understood the nature of the charge to which he pled guilty. The entry of guilty plea form that appellant signed identified the charge and stated that he reviewed the facts and law of his case with his counsel. SeeJordan, supra. Appellant was present at his plea hearing when the prosecuting attorney recited to the trial court the facts of the case, including a description of the assault and the victim's injuries. Appellant did not voice any objection to those facts. Appellant's attorney did not object to the prosecutor's recitation of facts or express any concern regarding his client's understanding of the nature of the charge. See State v. Eakin,
Licking App. No. 01-CA-00087, 2002-Ohio-4713, at ¶ 25. The totality of the circumstances indicates that appellant understood the nature of the charge when the trial court accepted his guilty plea. See, also, State v. Floyd (July 21, 1988), Franklin App. No. 87AP-808 (finding no confusion as to nature of charge where defendant signed guilty plea form, discussed charge with his counsel, and was present for prosecutor's statement of facts).
 {¶ 9} Appellant argues that a comment he made before he entered his guilty plea indicates that he did not understand the nature of the charge. Specifically, appellant told the trial court "that I'm not for sure what's going on with me. I don't understand the charges that are being brought against me, the felonious assault. I feel that I deserve a lesser charge than a felonious assault." (Tr. 3.) When considered in context, we find that this statement merely demonstrates appellant's disagreement with the seriousness of the charge brought against him — not a lack of understanding regarding the nature of the charge. This finding is further supported by defense counsel's statement to the court that, although appellant never denied hitting the victim, appellant did not think the victim's injuries amounted to serious physical injury. Again, it is clear that appellant understood the nature of the charge to which he pled guilty — he just disagreed with it.
 {¶ 10} Based upon the totality of the circumstances, we find that appellant understood the nature of the felonious assault charge when he pled guilty. Accordingly, the trial court complied with Crim.R. 11(C) before it accepted appellant's guilty plea.
 {¶ 11} Appellant's lone assignment of error is overruled, and the judgment of the Franklin County Court of Common Pleas is affirmed.
Judgment affirmed.
Brown, P.J., and McGrath, J., concur.