[Cite as *State v. Stubbs*, 2014-Ohio-3696.]

IN THE COURT OF APPEALS OF OHIO

TENTH APPELLATE DISTRICT

State of Ohio,                                    :

      Plaintiff-Appellee,                 :

                                No. 13AP-810

v.                                                :         (C.P.C. No. 12CR-09-4529)

Jason L. Stubbs,                               :         (REGULAR CALENDAR)

      Defendant-Appellant.               :

---

D E C I S I O N

Rendered on August 26, 2014

---

*Ron O'Brien*, Prosecuting Attorney, and *Sheryl L. Prichard*, for appellee.

*Makowski Law Offices*, and *Richard J. Makowski*, for appellant.

---

APPEAL from the Franklin County Court of Common Pleas

KLATT, J.

{¶ 1} Defendant-appellant, Jason L. Stubbs, appeals from a judgment of conviction and sentence imposed by the Franklin County Court of Common Pleas. For the following reasons, we affirm that judgment.

I. **Factual and Procedural Background**

{¶ 2} On September 6, 2012, a Franklin County Grand Jury indicted appellant with one count of aggravated murder in violation of R.C. 2903.01 with a firearm specification pursuant to R.C. 2941.145. The charge arose out of the shooting death of a woman who had rented appellant a room in her house. Appellant entered a not guilty plea to the charge.

{¶ 3} Two months later, the trial court ordered appellant to submit to a competency evaluation. The psychologist's evaluation opined that appellant did not presently have a serious mental illness and that he demonstrates the capacity to understand the nature of the proceedings against him and to assist counsel in his own defense. Upon receipt of the evaluation, the trial court scheduled the matter for a trial.

{¶ 4} On May 21, 2013, appellant withdrew his not guilty plea and entered a guilty plea to one count of aggravated murder without a firearm specification. The trial court accepted appellant's guilty plea, found him guilty, and ordered a pre-sentence investigation. Subsequently, on July 12, 2013, the trial court sentenced appellant to a prison term of life without the possibility of parole.

## II. The Appeal

{¶ 5} Appellant appeals from his conviction and sentence and assigns the following errors:

> [I]. The trial court erred when it accepted appellant's plea of guilty to aggravated murder without making a meaningful determination of whether that plea was made knowingly, intelligently and voluntarily in violation of Crim.R. 11 and constitutional guarantees of due process of law.
>
> [II]. The trial court judgment imposing a sentence of life imprisonment without parole was contrary to the law and constitutes an abuse of discretion.

### A. Did the Trial Court Properly Accept Appellant's Guilty Plea?

{¶ 6} To help ensure that guilty pleas are knowingly, intelligently, and voluntarily made, Crim.R. 11(C) sets forth specific requirements for a trial judge to follow when accepting a guilty plea. *State v. Akbari*, 10th Dist. No. 13AP-319, 2013-Ohio-5709, ¶ 9, citing *State v. Owens*, 181 Ohio App.3d 725, 2009-Ohio-1508, ¶ 45 (7th Dist.). Before accepting a guilty plea in a felony case, Crim.R. 11(C)(2) requires the trial court to address the defendant personally and to:

> (a) Determin[e] that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.

(b) Inform[ ] the defendant of and determin[e] that the defendant understands the effect of the plea of guilty or no contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.

(c) Inform[ ] the defendant and determin[e] that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself.

{¶ 7} Appellant concedes that the trial court strictly advised him of his constitutional rights as required by Crim.R. 11(C)(2)(c). He argues, however, that the trial court did not advise him of the non-constitutional rights in Crim.R. 11. Specifically, he argues that the trial court did not determine that he understood the nature of the charge against him. We disagree.

{¶ 8} A trial court need only substantially comply with the non-constitutional requirements of Crim.R. 11. *State v. Griggs*, 103 Ohio St.3d 85, 2004-Ohio-4415, ¶ 12. Substantial compliance means that, under the totality of the circumstances, the defendant objectively understands the implication of his plea and the rights he is waiving. *State v. Green*, 10th Dist. No. 10AP-934, 2011-Ohio-6451, ¶ 10.

{¶ 9} At his plea hearing, the trial court did not discuss with appellant the elements of the charge, nor did the trial court specifically ask appellant if he understood the nature of the charge. This court has held, however, that it is not always necessary for a trial court to advise the defendant of the elements of the charge or to ask him if he understands the charge, so long as the totality of the circumstances demonstrate that the defendant understood the charge. *State v. Vinson*, 10th Dist. No. 08AP-903, 2009-Ohio-3240, ¶ 8, citing *State v. Rainey*, 3 Ohio App.3d 441, 446 (10th Dist.1982), paragraph one of the syllabus.

{¶ 10} Here, the totality of the circumstances indicate that appellant understood the nature of the charge to which he pled guilty. The entry of guilty plea forms that appellant signed identified the charge and stated that he reviewed the facts and law of his case with his counsel. *Vinson* at ¶ 9, citing *State v. Staten*, 10th Dist. No. 05AP-201,

2005-Ohio-6753, ¶ 8.  Appellant was present at his plea hearing when the prosecuting attorney recited to the trial court the facts of the case, including a description of the murder and the victim's name.  Appellant did not voice any objection to those facts.  Appellant's attorney did not object to the prosecutor's recitation of facts or express any concern regarding his client's understanding of the nature of the charge.  *Vinson* at ¶ 9, citing *State v. Eakin*, 5th Dist. No. 01-CA-00087, 2002-Ohio-4713, ¶ 25.  Additionally, after the trial court informed him that he was entering a guilty plea to a count of aggravated murder, the trial court asked appellant if he had any questions about the nature of the offense.  Appellant replied that he had no questions.  (Tr. 5.)

{¶ 11} In reality, appellant argues that his mental health status caused him to not subjectively understand the nature of the charges.  We reject that argument for multiple reasons.  First, although appellant points out that the trial court did not ask appellant about his mental health status at the plea hearing, a trial court is not required to specifically ask about a defendant's mental health status before accepting a guilty plea.  *Akbari* at ¶ 11, citing *State v. Boyce*, 11th Dist. No. 2005-P-0021, 2007-Ohio-4379, ¶ 18.  Even so, the trial court was aware that a previous psychological evaluation concluded that appellant did not have a serious mental illness and that he demonstrated the capacity to understand the nature of the proceedings against him and to assist counsel in his own defense.  Additionally, appellant's answers to the trial court's questions did not indicate any confusion about the guilty plea or the charge, nor do they demonstrate any confusion about the proceedings more generally.  Neither did appellant engage in any irrational or questionable behavior during the plea hearing.  There is nothing in the record that indicates that appellant's mental health issues affected his understanding of the nature of the charge.  *Akbari* at ¶ 11.

{¶ 12} The totality of the circumstances indicate that appellant understood the nature of the charge when the trial court accepted his guilty plea.  Accordingly, the trial court did comply with Crim.R. 11 before accepting appellant's guilty plea.  We overrule appellant's first assignment of error.

### B.  Did the Trial Court Properly Sentence Appellant?

{¶ 13} Appellant argues in his second assignment of error that the trial court failed to consider or appropriately balance the sentencing factors set forth in R.C. 2929.12 and

that his life sentence without the possibility of parole was an abuse of discretion. We reject both arguments.

{¶ 14} First, the trial court wrote in its judgment entry imposing sentence that it "considered the purposes and principles of sentencing set forth in R.C. 2929.11 and the factors set forth in R.C. 2929.12." That language in a judgment entry belies a defendant's claim that the trial court failed to consider the purposes and principles in sentencing, pursuant to R.C. 2929.11(A), and the R.C. 2929.12 factors regarding recidivism and the seriousness of the offense. *State v. Foster*, 10th Dist. No. 12AP-69, 2012-Ohio-4129, ¶ 15; *State v. Small*, 10th Dist. No. 09AP-1175, 2010-Ohio-5324, ¶ 16.

{¶ 15} Second, we do not review a trial court's sentence for an abuse of discretion. Instead, we must determine whether clear and convincing evidence establishes that the sentence is contrary to law. *State v. Mercier*, 10th Dist. No. 13AP-906, 2014-Ohio-2910, ¶ 4. Applying that standard, we look to the record to determine whether the sentencing court considered and properly applied the statutory guidelines and whether the sentence is otherwise contrary to law. *State v. Burton*, 10th Dist. No. 06AP-690, 2007-Ohio-1941, ¶ 19. *See also State v. White*, 1st Dist. No. C-130114, 2013-Ohio-4225, ¶ 9-10 (applying same standard of review).

{¶ 16} Appellant concedes that the trial court's sentence is within the statutory guidelines for his conviction and is, therefore, not contrary to law. We agree. Instead, he argues that the trial court improperly weighed the sentencing factors and should have given more weight to his grounds in mitigation. We disagree because "the trial court, in exercising its sentencing discretion, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v. Todd*, 10th Dist. No. 06AP-1208, 2007-Ohio-4307, ¶ 23. While appellant disagrees with the trial court's balancing of the sentencing factors and mitigation evidence, such a disagreement does not make a sentence that falls within the applicable statutory range contrary to law. *State v. Saur*, 10th Dist. No. 10AP-1195, 2011-Ohio-6662, ¶ 48.

{¶ 17} Appellant has not demonstrated that his sentence is contrary to law. Accordingly, we overrule his second assignment of error.

## III. Conclusion

{¶ 18} Having overruled appellant's two assignments of error, we affirm the judgment of the Franklin County Court of Common Pleas.

*Judgment affirmed.*

DORRIAN and LUPER SCHUSTER, JJ., concur.

_____