[Cite as *State v. McKennelly*, 2017-Ohio-9092.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| Plaintiff-Appellee, | : | CASE NO. CA2017-04-055 |
| | : | O P I N I O N |
| - vs - | | 12/18/2017 |
| | : | |
| CORNELL ARTIS McKENNELLY, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2016-08-1135

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Michele Temmel, 6 South Second Street, Suite 305, Hamilton, Ohio 45011, for defendant-appellant

**HENDRICKSON, P.J.**

{¶ 1} Defendant-appellant, Cornell Artis McKennelly, appeals from the sentence he received in the Butler County Court of Common Pleas after he pled guilty to involuntary manslaughter with a firearm specification and having weapons while under disability. For the reasons set forth below, we affirm his sentence.

{¶ 2} On August 11, 2016, appellant was indicted on one count of murder in violation

of R.C. 2903.02(B), with a firearm specification, and one count of having weapons while under disability in violation of R.C. 2923.13(A)(3). The charges arose out of an incident that occurred at a bar in Hamilton, Butler County, Ohio on July 24, 2016. It was alleged that appellant killed Kalif Goens after shooting him in the head with a firearm.

{¶ 3} On January 24, 2017, following plea negotiations, appellant pled guilty to an amended charge of involuntary manslaughter in violation of R.C. 2903.04(A), a felony of the first degree, the accompanying firearm specification, and one count of having weapons while under disability, a felony of the third degree. The trial court accepted appellant's guilty plea after engaging in a Crim.R. 11(C) colloquy and hearing the following recitation of facts:

> [PROSECUTOR]: As to * * * involuntary manslaughter, on or about July 24th, 2016, in the area of Double's Bar at 1555 Main Street, City of Hamilton, Butler County, Ohio, approximately at 2:00 in the morning, Cornell McKennelly did cause the death of Kalif Goens as a proximate result of the Defendant committing or attempting to commit a felony offense.
>
> In this particular case, Defendant did shoot a firearm that hit the victim in the head killing him. This offense is a felony of the first degree in violation of Revised Code * * * Section 2903.04.
>
> And further, pursuant to [R.C.] 2941.145, the Defendant did have a firearm on or about his person under his control while committing the offense and did display the firearm, brandish the firearm, indicated the offender possessed it or used it to facilitate the offense.
>
> As to * * * having weapons while under a disability. On or about July 24th, 2016, in the area of Double's Bar at 1555 Main Street, City of Hamilton, Butler County, Ohio, approximately 2:00 in the morning, Cornell McKennelly did knowingly acquire, have, carry, or use any firearm knowing this Defendant has been convicted of any felony offense involving the illegal possession, use, sell [sic], administration, distribution, or trafficking in any drug of abuse.
>
> The Defendant was convicted in Butler County Common Pleas Court, CR1997-050428 of trafficking cocaine and possession of cocaine. And [the prior count] involved again this Defendant shooting Kalif Goens in the head and killing him. This offense is a felony of the third degree in violation of Revised Code * * * Section 2923.13(A)(3).

Thereafter, the trial court set the matter for sentencing and ordered that a presentence investigation report ("PSI") be prepared.

{¶ 4} Appellant was sentenced on April 10, 2017. At the sentencing hearing, the court noted it had reviewed the PSI, victim impact statement, and letters written by the victim's family. The court then heard from appellant, defense counsel, and two of the victim's family members. Appellant expressed remorse for his actions and apologized to the victim's family, stating, "I just want to say that I'm sorry. Extend my condolences to his family, his friends, and to his mama, his dad. * * * I apologize for what happened that night. It went down the way it shouldn't went down, but I just apologize." Defense counsel noted that appellant had been "fully cooperative with law enforcement," was "deeply remorseful and regretful of what happened" and "did not go [to the bar] looking for the events of the night to unfold the way they did." Defense counsel acknowledged appellant's criminal history, which dated back to 1997, but noted that "this is the first crime of violence, first history of violence in [his] record."

{¶ 5} After considering the foregoing, the trial court sentenced appellant to an 11-year prison term for involuntary manslaughter, a mandatory three-year prison term for the accompanying firearm specification, and a 36-month prison term for having weapons while on disability. The sentences were ordered to be served consecutively to one another, for an aggregate prison term of 17 years.

{¶ 6} Appellant timely appealed his sentence, raising the following assignment of error:

{¶ 7} THE TRIAL COURT ERRED TO THE PREJUDICE OF APPELLANT WHEN IT IMPOSED MAXIMUM CONSECUTIVE SENTENCES.

{¶ 8} In his sole assignment of error, appellant argues that the imposition of

maximum consecutive sentences is not supported by the record as the court failed to give "appropriate consideration" to the seriousness and recidivism factors set forth in R.C. 2929.12 or to the statutory findings under R.C. 2929.14(C)(4).

{¶ 9} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum,* 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford,* 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Ahlers,* 12th Dist. Butler No. CA2015-06-100, 2016-Ohio-2890, ¶ 8; *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg,* 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

### Consideration of R.C. 2929.11 and R.C. 2929.12

{¶ 10} Appellant argues that in imposing the maximum sentence of 11 years for involuntary manslaughter and the maximum sentence of 36 months for having weapons while under disability, the trial court "punishe[d] [him] without utilizing the 'minimum sanctions' needed to achieve the purposes of punishment." He contends that consideration of the seriousness and recidivism factors set forth in R.C. 2929.12 does not support the imposition

of maximum sentences for these offenses.[1]

{¶ 11}   In fashioning an appropriate sentence, a trial must consider the purposes of felony sentencing, which are to protect the public from future crime by the offender and to punish the offender.  R.C. 2929.11(A).  A felony sentence must be reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."  R.C. 2929.11(B).  In sentencing a defendant, a trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure.  *State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 12.  The factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider any relevant factors in imposing a sentence. *Id.  State v. Birt,* 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379, ¶ 64.

{¶ 12}   After a thorough review of the record, we find no error in the trial court's imposition of appellant's sentence.  The record plainly reveals that appellant's sentence is not clearly and convincingly contrary to law as the trial court considered the principles and purposes of sentencing in accordance with R.C. 2929.11, as well as the seriousness and recidivism factors listed in R.C. 2929.12, imposed the required five-year postrelease control term, and sentenced appellant within the permissible statutory ranges for his first-degree felony (involuntary manslaughter) and third-degree felony (having weapons while under disability) offenses in accordance with R.C. 2929.14(A)(1) and (A)(3)(b).

{¶ 13}   At the sentencing hearing, the trial court specifically stated it had reviewed the PSI, the victim impact statement, the letters and comments made by the victim's family

---

1. Appellant does not challenge the imposition of the mandatory three-year prison term on the firearm specification, recognizing that such sentence is required by R.C. 2941.145.

members, and the statements made by appellant and defense counsel. The court further stated that in imposing appellant's sentence, it

> considered the overriding purposes of felony sentencing. I try to protect the public from future crime and to punish the offender using the minimum sanctions needed to accomplish those purposes without imposing an unnecessary burden on State or local government resources. I've also considered the seriousness and recidivism factors * * * that are set forth in Ohio Revised Code Sections 2929.11 and 2929.12.

{¶ 14} The court discussed appellant's criminal history, which dated back to 1997 and included multiple convictions for possessing and trafficking in cocaine, heroin, marijuana, and ecstasy, as well as convictions for felony escape, disorderly conduct, and obstructing official business. The court noted that appellant's criminal record had been "extremely minimal" since appellant was imprisoned for committing the federal offense of distribution of heroin in 2005. However, the court found appellant's current offenses to be serious, noting that "a human being lost [his] life" and "[a] lot of lives have been permanently changed and destroyed as a result" of appellant's actions. The court also noted the effect appellant's actions had on the community, stating:

> [T]he circumstances didn't even, according to allegations, necessarily stop there, because obviously there is still pending [a] second piece of this where allegedly there was a retaliatory incident where another being lost their life.
>
> A community had to deal with that for a – well we're still dealing with it quite truthfully. Four people are now currently looking at the death penalty as a result of all that and basically it started with your actions. Now what all was going on that night leading up to this, I don't know. I wasn't there. But I know where the tragedy started and unfortunately, it started with you.

{¶ 15} Appellant disagrees with the trial court's analysis and its balancing of the seriousness and recidivism factors in R.C. 2929.12. He believes the court should have imposed a shorter sentence given his expressed remorse, the fact that this was his "first violent offense," and the lack of evidence demonstrating he was a member of a street gang.

- 6 -

However, it is "[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances." *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence. Appellant used a firearm in the commission of a felony offense and he caused the death of another. The sentence of 11 years for involuntary manslaughter and 36 months for having weapons while under disability serves both to protect the public from future crime and to punish appellant.

{¶ 16} We therefore find no clear and convincing evidence that the trial court erred in balancing the factors in R.C. 2929.12. The record supports the trial court's sentencing decision.

### Consecutive Sentences – R.C. 2929.14(C)(4)

{¶ 17} We further find that the trial court's decision to run appellant's sentences consecutively to one another was not contrary to law and is supported by the record.[2] Pursuant to R.C. 2929.14(C)(4), a trial court must engage in a three-step analysis and make certain findings before imposing consecutive sentences. *State v. Smith,* 12th Dist. Clermont No. CA2014-07-054, 2015-Ohio-1093, ¶ 7. Specifically, the trial court must find that (1) the consecutive sentence is necessary to protect the public from future crime or to punish the offender, (2) consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and (3) one of the following applies:

---

2. Appellant does not challenge the trial court's imposition of the mandatory, consecutive three-year prison term on the firearm specification, recognizing that R.C. 2929.14(C)(1)(a) requires the mandatory prison term on the firearm specification be served consecutively to and prior to any prison term imposed on the underlying felony conviction.

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

R.C. 2929.14(C)(4); *Smith* at ¶ 7.

{¶ 18} "In order to impose consecutive terms of imprisonment, a trial court is required to make the findings mandated by R.C. 2929.14(C)(4) at the sentencing hearing and incorporate its findings into its sentencing entry." *State v. Bonnell,* 140 Ohio St.3d 209, 2014-Ohio-3177, ¶ 37. While the trial court is not required to give reasons explaining these findings, it must be clear from the record that the court engaged in the required sentencing analysis and made the requisite findings. *Smith* at ¶ 8. "A consecutive sentence is contrary to law where the trial court fails to make the consecutive sentencing findings as required by R.C. 2929.14(C)(4)." *State v. Marshall*, 12th Dist. Warren No. CA2013-05-042, 2013-Ohio-5092, ¶ 8.

{¶ 19} Here, the record reflects that the trial court made the findings required by R.C. 2929.14(C)(4) before imposing consecutive sentences. At the sentencing hearing, the court stated the following:

I am going to find that consecutive sentences are necessary to protect the public from future crime and to punish the offender. I'm going to find that the consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public. And I'm going to

- 8 -

find that the harm was so great or unusual that a single term does
not adequately reflect its seriousness or the Defendant's conduct.

The court later included these findings in its sentencing entry.

{¶ 20} Appellant argues that the record "fails to reflect" the consecutive sentencing findings made by the trial court, arguing that the court "appeared to base its consecutive finding[s] partly on the actions of others." We find no merit to appellant's argument. While the trial court did discuss the effect and harm appellant's actions have had on the community and noted that additional, retaliatory criminal activity occurred after appellant killed Goens, the trial court's consecutive sentencing findings were based on appellant's own actions and crimes and the danger he posed to the public. The trial court engaged in the correct analysis and the record contains evidence to support the courts findings under R.C. 2929.14(C)(4).

{¶ 21} Accordingly, for the reasons stated above, we find that appellant's sentence is not contrary to law and is supported by the record. Appellant's sole assignment of error is, therefore, overruled.

{¶ 22} Judgment affirmed.

RINGLAND and M. POWELL, JJ., concur.