[Cite as *State v. Linebaugh*, 2019-Ohio-320.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## LOGAN COUNTY

STATE OF OHIO,

      PLAINTIFF-APPELLEE,                   CASE NO.  8-18-32

      v.

BRANDON L. LINEBAUGH,            O P I N I O N

      DEFENDANT-APPELLANT.

Appeal from Logan County Common Pleas Court
Trial Court No. CR 18 01 0008

Judgment Affirmed

Date of Decision:   February 4, 2019

APPEARANCES:

    *Eric J. Allen* for Appellant

    *Sarah J. Warren* for Appellee

**ZIMMERMAN, P.J.**

{¶1} Defendant-appellant, Brandon L. Linebaugh ("Linebaugh"), appeals the June 21, 2018 judgment entry of sentence of the Logan County Court of Common Pleas. We affirm.

{¶2} On January 9, 2018, the Logan County Grand Jury indicted Linebaugh on four counts: Count One of trafficking in heroin in violation of R.C. 2925.03(A)(1), (C)(6)(a), a fifth-degree felony; Count Two of corrupting another with drugs in violation of R.C. 2925.02(A)(3), (C)(1), a second-degree felony; Count Three of possessing drug abuse instruments in violation of R.C. 2925.12(A), (C), a second-degree misdemeanor; and Count Four of tampering with evidence in violation of R.C. 2921.12(A)(1), (B), a third-degree felony. (Doc. No. 2).

{¶3} On January 25, 2018, Linebaugh appeared for arraignment and entered pleas of not guilty. (Doc. No. 14).

{¶4} On May 18, 2018, Linebaugh withdrew his pleas of not guilty and pled guilty, under a negotiated plea agreement, to Count Two, as amended, and Count Four of the indictment. (Doc. No. 25). In exchange for his guilty pleas, the State agreed to amend Count Two to *attempted* corrupting another with drugs, a third-degree felony, and dismiss Counts One and Three of the indictment. (*Id.*). The trial court accepted Linebaugh's guilty pleas, found him guilty, dismissed Counts One and Three, and ordered a presentence investigation ("PSI"). (*Id.*).

{¶5} On June 21, 2018, the trial court sentenced Linebaugh to 36 months in prison on Count Two and 24 months in prison on Count Four. (Doc. No. 28). The trial court further ordered Linebaugh to serve the sentences consecutively for an aggregate term of 60 months in prison. (*Id.*).

{¶6} On July 3, 2018, Linebaugh filed a notice of appeal. (Doc. No. 43). He raises two assignments of error for our review, which we address together.

## Assignment of Error No. I

**The trial court erred when they [sic] imposed the maximum sentence.**

## Assignment of Error No. II

**The trial court erred when they [sic] used Defendant's juvenile record to lengthen his sentence.**

{¶7} In his assignments of error, Linebaugh argues that the trial court erred by imposing the maximum term of imprisonment. In particular, he argues that "the need for a maximum prison sentence in order to protect the public or punish [him] is not supported by the record nor is it reasonable." (Appellant's Brief at 5). He also argues that the trial court "violated [his] right to due process per the Supreme Court of Ohio's decision in *State v. Carnes*" by relying on his juvenile record in imposing his sentence. (*Id.* at 6, citing ___ Ohio St.3d ___, 2018-Ohio-3256).

*Standard of Review*

**{¶8}** Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶9}** "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10,

quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20. The relevant prison terms for Linebaugh's attempted-corrupting-another-with-drugs and tampering-with-evidence convictions are 9-to-36 months in prison, respectively. R.C. 2921.12(A)(1), (B); 2925.02(A)(3), (C)(1)(a); 2923.02(A), (E)(1); 2929.14(A)(3)(b). Because the trial court sentenced Linebaugh to 36-months in prison as to his attempted-corrupting-another-with-drugs conviction and to 24-months in prison as to his tampering-with-evidence conviction, the trial court's sentence falls within the statutory range.[1] "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶10} "R.C. 2929.11 provides, in pertinent part, that the 'overriding purposes of felony sentencing are to protect the public from future crime and to punish the offender.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Id.*, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must

---

[1] Notwithstanding the caption of Linebaugh's first assignment of error, the trial court did not impose the maximum sentence as to his tampering-with-evidence conviction.

be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B). "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

{¶11} "Although the trial court must consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors listed in R.C. 2929.12, the sentencing court is not required to 'state on the record that it considered the statutory criteria or discuss[ed] them.'" *Maggette* at ¶ 32, quoting *State v. Polick*, 101 Ohio App.3d 428, 431 (4th Dist.1995). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Id.*, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18. At Linebaugh's sentencing hearing and in its sentencing entry, the trial court considered the Revised Code's principles and purposes of sentencing. (June 21, 2018 Tr. at 19-22); (Doc. No. 28).

{¶12} In particular, in addressing the seriousness of Linebaugh's conduct, the trial court found that the victim suffered serious physical harm—an overdose. *See* R.C. 2929.12(B)(2). The trial court did not state whether any of the factors under R.C. 2929.12(C)—evidence indicating that the Linebaugh's conduct is less serious than conduct normally constituting the offense—apply.

{¶13} In assessing whether Linebaugh was likely to commit future crimes, the trial court weighed against Linebaugh his prior record and found that Linebaugh has not favorably responded to any of the sanctions previously imposed on him. (June 21, 2018 Tr. at 12-18, 20-21). *See* R.C. 2929.12(D)(2), (3). In addition, the trial court found that Linebaugh continued to abuse illicit drugs, "failed to attend drug treatment," and "expressed no actual remorse." (June 21, 2018 Tr. at 14-15, 17). *See* R.C. 2929.12(D)(4), (5) The trial court also weighed against Linebaugh the evidence that he committed the offenses while he was under community-control sanctions. (June 21, 2018 Tr. at 23). *See* R.C. 2929.12(D)(1). Further, the trial court noted that Linebaugh's Ohio Risk Assessment System score was a "29," which indicates that he has a "high" risk of reoffending. (June 21, 2018 Tr. at 17). The trial court did not indicate whether any of the factors under R.C. 2929.12(E)— "factors indicating that the offender is not likely to commit future crimes"—apply.

{¶14} On appeal, Linebaugh argues that the trial court abused its discretion by weighing the R.C. 2929.12 factors to sentence him to a maximum term of

imprisonment. In particular, he challenges the trial court's conclusion that his conduct is more serious than conduct normally constituting the offense because the trial court did not apply the appropriate weight to the mitigating evidence relating to the victim's conduct in facilitating the offense. We determine this argument to be erroneous because "it is '[t]he trial court [that], in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 12th Dist. Butler No. CA2017-04-055, 2017-Ohio-9092, ¶ 15, quoting *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

{¶15} Here, after weighing the seriousness and recidivism factors, the trial court ultimately concluded that Linebaugh failed to overcome the presumption in favor of prison. Even if Linebaugh's conduct is less serious than conduct normally constituting the offenses, the trial court concluded that Linebaugh is likely to commit future crimes. In concluding that Linebaugh is likely to commit future crimes, the trial court found that (1) Linebaugh has a history of juvenile adjudications and criminal convictions and has not responded favorably to sanctions

previously imposed for those criminal convictions; (2) that he demonstrated a pattern of drug abuse that is related to the offense; (3) that he committed the offense while under community-control sanctions; and (4) that he received a score indicative of a high risk of reoffending under the Ohio Risk Assessment System. Those findings are clearly and convincingly supported by the record. The PSI details Linebaugh's prior record. In particular, the PSI reflects that Linebaugh previously was adjudicated a delinquent child and has a history of criminal convictions, including a felony disrupting-public-service conviction. (PSI at 4-9).

{¶16} The record further reflects numerous probation and community-control violations, including "absconding" from supervision; "testing positive for cocaine"; failing "to complete his drug and alcohol counseling and [being] terminated from Consolidated Care * * *"; and being "terminated from the Community Health and Wellness Vivitrol program due to lack of adherence." (June 21, 2018 Tr. at 14-15). (*See* PSI at 10-11). Moreover, the record details Linebaugh's history of drug abuse, including cocaine—the drug that he traded heroin (which caused the victim's overdose) in an exchange with the victim. (*See* PSI at 3-4, 10, 13); (June 21, 2018 Tr. at 15, 17). The Ohio Risk Assessment System results are also included in the record reflecting the high-risk-of-reoffending score. (*See* PSI).

**{¶17}** In addition to the specific factors listed under R.C. 2929.12, the statute permits the trial court to consider "any other factors relevant to achieving [the] purposes and principles of sentencing," including "any other relevant factors" regarding the seriousness of the offender's conduct and likelihood of recidivism. R.C. 2929.12(A)-(E). Therefore, it was within the trial court's discretion to conclude that the imposition of a prison sentence is "the most effective way to comply with the purposes and principles of sentencing set forth in section 2929.11 of the Revised Code." R.C. 2929.12(A). *See also* R.C. 2929.13(D). For these reasons, the trial court did not abuse its discretion by concluding that Linebaugh did not overcome the presumption in favor of prison.

**{¶18}** However, Linebaugh further argues that the trial court violated his "right to due process per the Supreme Court of Ohio's decision in *State v. Carnes*" by considering his juvenile adjudications when imposing his sentence. (Appellant's Brief at 6). In particular, Linebaugh contends that the Supreme Court concluded in *Carnes* that a trial court cannot consider juvenile adjudications to lengthen a sentence because those adjudications "are not heard by a jury." (*Id.*).

**{¶19}** As an initial matter, we must determine the bounds of Linebaugh's argument because it is unclear. In his brief, Linebaugh avers that he is relying on "the Supreme Court of Ohio's decision in *State v. Carnes*." (Appellant's Brief at 6). Linebaugh directs us to the following citation: "*State v. Carnes, 2016-Ohio-*

-10-

*3256 (2018).*"[2]  (Italics sic.)  Confusingly, Linebaugh's WebCite incorrectly directs us to *Lorain Cty. Bar Assn. v. Provenza*, a case which bears no relation to Linebaugh's argument. *See* 146 Ohio St.3d 1405, 2016-Ohio-3256.  Rather, it appears to us that Linebaugh haphazardly combined the Supreme Court's and the First District Court of Appeals' decisions addressing Mr. Carnes's arguments. *Compare* ___ Ohio St.3d ___, 2018-Ohio-3256 *with* 1st Dist. Hamilton No. C-150752, 2016-Ohio-8019.  Moreover, notwithstanding Linebaugh's statement allegedly quoting the Supreme Court's decision in *Carnes*, the statement quoted is from the lower court's decision.[3]  (*Compare* Appellant's Brief at 6-7) *with Carnes*, 2016-Ohio-8019, at ¶ 12.

**{¶20}** Nevertheless, Linebaugh is seemingly challenging the constitutionality of the trial court's consideration of an offender's juvenile record in weighing whether the offender has overcome the presumption in favor of prison as prescribed by R.C. 2929.12.  However, Linebaugh never raised the constitutionality of that statute at the trial-court level.

---

[2] Linebaugh's brief fails to comport with the requirements of the Ohio Rules of Appellate Procedure directing him to include in his brief "[a] table of cases alphabetically arranged, and other authorities cited, with references to the pages of the brief where cited."  App.R. 16(A)(2).  Although his brief contains a table of cases, the table of cases does not reflect his citation to *State v. Carnes*.  Thus, we are unable to rectify the confusion created by the body of his brief citing to the Supreme Court and First District Court of Appeals decisions addressing Mr. Carnes's arguments.

[3] Although the decision of the First District Court of Appeals was affirmed by the Supreme Court of Ohio, the lower-court decision has no precedential value because it is a plurality opinion.  *See, e.g.*, *State v. Mushrush*, 135 Ohio App.3d 99, 113 (1st Dist.1999) (Painter, J., dissenting) (noting that an appellate-court decision in which one judge dissents and a second judge "concurs in 'judgment only'" renders the lead opinion with "no precedential value").

{**¶21**} "The Supreme Court of Ohio has held that, "'[f]ailure to raise at the trial court level the issue of the constitutionality of a statute or its application, which issue is apparent at the time of trial, constitutes a waiver of such issue and a deviation from this state's orderly procedure, and therefore need not be heard for the first time on appeal.'"" *State v. Heft*, 3d Dist. Logan No. 8-09-08, 2009-Ohio-5908, ¶ 29, quoting *State v. Rice*, 3d Dist. Allen Nos. 1-02-15, 1-02-29, and 1-02-30, 2002-Ohio-3951, ¶ 7, quoting *State v. Awan*, 22 Ohio St.3d 120 (1986), syllabus. "However, the waiver doctrine set forth by *Awan* is discretionary; thus, 'even where waiver is clear, a reviewing court may consider constitutional challenges to the application of statutes in specific cases of plain error or where the rights and interests involved may warrant it.'" *Id.*, quoting *Rice* at ¶ 7, citing *In re M.D.*, 38 Ohio St.3d 149 (1988), syllabus. Nevertheless, ""'discretion will not ordinarily be exercised to review such claims, where the right sought to be vindicated was in existence prior to or at the time of trial.'"" *Id.*, quoting *Rice* at ¶ 7, quoting *State v. 1981 Dodge Ram Van*, 36 Ohio St.3d 168, 170-71 (1988), quoting *State v. Woodards*, 6 Ohio St.2d 14, 21 (1966).

{**¶22**} Whether we consider Linebaugh's challenge necessitates an understanding of the proposition of law at issue in *Carnes*. Contrary to Linebaugh's argument, the Supreme Court did *not* address in *Carnes* whether juvenile adjudications may be used for sentencing-enhancement purposes. Rather, the court

considered the narrow issue of "whether a juvenile adjudication can be used as an element of the weapons-under-disability statute." *Carnes*, ___ Ohio St.3d ___, 2018-Ohio-3256 at ¶ 4. Likewise, the First District limited its analysis to whether "an uncounseled adjudication obtained without a valid waiver to prove any element of a crime, not just one that enhances punishment." *Carnes*, 2016-Ohio-8019, at ¶ 9. Whether Linebaugh's juvenile adjudications can be used to prove an element of a crime is *not* at issue in this case.

{¶23} Therefore, based on the context of Linebaugh's argument relative to those arguments addressed by the Supreme Court and the First District, it is apparent that Linebaugh is actually relying on the cases discussed in the *Carnes* opinions, respectively. *See, e.g.*, *Carnes*, 2016-Ohio-8019, at ¶ 9 ("The holdings in *Brandon*, *Brooke*, and *Bode* are narrow and consistent—namely that an uncounseled conviction or adjudication obtained without a valid waiver of the right to counsel cannot be used to enhance a penalty for a later crime."), citing *State v. Brandon*, 45 Ohio St.3d 85, 87 (1989), *State v. Brooke*, 113 Ohio St.3d 199, 2007-Ohio-1533, ¶ 9, and *State v. Bode*, 144 Ohio St.3d 155, 2015-Ohio-1519; *Carnes*, ___ Ohio St.3d ___, 2018-Ohio-3256, at ¶ 38 (noting that, in *Hand*, the court "held that it was unconstitutional for any juvenile adjudication, not just an uncounseled one, to be the basis for a sentencing enhancement"), citing, *State v. Hand*, 149 Ohio St.3d 94, 2016-Ohio-5504, ¶ 38. Assuming that Linebaugh is relying on those cases

addressed in the *Carnes* opinions, respectively, the constitutional issue that he raises for the first time on appeal was available to him at the trial court-court level. Accordingly, Linebaugh waived this issue on appeal, and we decline to address it. *See State v. Herring*, 7th Dist. Jefferson No. 12 JE 32, 2015-Ohio-1281, ¶ 28 (concluding that Herring waived his constitutional argument related to his sentencing because he failed to raise it at the trial-court level); *State v. Gaston*, 6th Dist. Lucas No. L-06-1183, 2008-Ohio-1856, ¶ 24 (concluding that Gaston waived his "argument that his sentence violated the Ex Post Facto Clause of the United States Constitution" because he did not raise his argument at sentencing).

{¶24} Moreover, even if Linebaugh did not waive his argument on appeal, this court, as well as our sister appellate districts, have rejected it. *See State v. Kerns*, 3d Dist. Logan No. 8-18-05, 2018-Ohio-3838, ¶ 12-16. *See also State v. Alsina*, 11th Dist. Ashtabula No. 2017-A-0075, 2018-Ohio-2470, ¶ 11 (concluding that "nothing in *Hand* prohibits a trial court from considering a defendant's juvenile delinquency adjudications when considering and weighing the recidivism factors in R.C. 2929.12"), citing *State v. McBride*, 11th Dist. Trumbull No. 2017-T-0050, 2017-Ohio-9349, ¶ 12; *State v. Delp*, 8th Dist. Cuyahoga No. 105467, 2017-Ohio-8879, ¶ 38-39.

{¶25} Therefore, we will not reverse Linebaugh's sentence because (1) it is within the permissible statutory range, (2) the trial court properly considered the

criteria found in R.C. 2929.11 and 2929.12, (3) the record clearly and convincingly supports the trial court's findings under R.C. 2929.11 and 2929.12, and (4) his sentence is not otherwise contrary to law. *See Maggette*, 2016-Ohio-5554, at ¶ 36. For these reasons, Linebaugh's assignments of error are overruled.

{¶26} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**SHAW and PRESTON, J.J., concur.**

**/jlr**