[Cite as *State v. Survilla*, 2023-Ohio-255.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
### VAN WERT COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,            CASE NO. 15-22-02

    v.

JULIE A. SURVILLA,                O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Van Wert County Common Pleas Court
Trial Court No. CR21-08-081

**Judgment Affirmed**

Date of Decision: January 30, 2023

APPEARANCES:

    *Terry L. Simson* for Appellant

    *Kelly J. Rauch* for Appellee

Case No. 15-22-02

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Julie A. Survilla ("Survilla"), appeals the July 7, 2022 judgment entry of sentence of the Van Wert County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} In May 2021, the Van Wert County Grand Jury indicted Survilla on single count of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony. Survilla appeared for arraignment on July 11, 2021 and entered a plea of not guilty.

{¶3} On November 16, 2021, Survilla filed a motion for intervention in lieu of conviction. On November 24, 2021, Survilla withdrew her not-guilty plea and entered a plea of guilty to the indictment in this case as well as in two other cases.[1] In exchange for her change of plea, the State agreed not to oppose Survilla's motion for intervention in lieu of conviction and agreed dismiss a count in one of her other cases. The trial court accepted Survilla's change of plea, granted her motion for intervention in lieu of conviction, and deferred making a guilty finding pending the satisfactory completion of her intervention.

{¶4} In December 2021, Survilla's probation officer notified the trial court that Survilla violated the terms of her intervention in lieu of conviction. Consequently, the trial court concluded on December 20, 2021 that there was

---

[1] Because Survilla did not file a notice of appeal in those cases, neither of those cases is the subject of this appeal.

probable cause to order Survilla to appear and show cause why her intervention in lieu of conviction should not be terminated.

{¶5} At the May 24, 2022 termination hearing, Survilla admitted that she violated the terms of her intervention in lieu of conviction. As a result, the trial court revoked her intervention in lieu of conviction, found her guilty of the counts alleged in the indictments, and sentenced her to 180 days in jail as to each count.[2] (Doc. No. 44). The trial court ordered Survilla to serve the jail terms concurrently.

{¶6} On July 26, 2022, Survilla filed her notice of appeal in only this case. She raises one assignment of error for our review.

## Assignment of Error

**The Trial Court erred in sentencing the defendant the defendant [sic] to 180 days without considering alternative sentencing.**

{¶7} In her sole assignment of error, Survilla challenges the sentence imposed by the trial court. Specifically, Survilla argues that the trial court erred by imposing a maximum sentence and "did not consider other alternative sentencing that would have been available, such as drug court," when imposing her sentence. (Appellant's Brief at 5).

---

[2] The trial court filed its judgment entry of sentence on July 7, 2022.

*Standard of Review*

**{¶8}** R.C. 2953.08 provides specific grounds for a defendant to appeal a felony sentence. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 10. Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶9}** "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory

range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9, citing *State v. Saldana*, 3d Dist. Putnam No. 12-12-09, 2013-Ohio-1122, ¶ 20.

{¶10} In this case, as a fifth-degree felony, aggravated possession of drugs carries a non-mandatory, definite sanction of six-months to twelve-months incarceration. R.C. 2925.11(A), (C)(1)(a), 2929.14(A)(5). Thus, contrary to Survilla's contention that the trial court imposed the maximum sanction in this case, the trial court imposed the *minimum* sanction. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15. Because the trial court sentenced Survilla to six months in jail as to her aggravated-possession-of-drugs conviction, the trial court's sentence falls within the statutory range.

{¶11} R.C. 2929.11 provides, in in pertinent part, that the

overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim

of the offense, the public, or both.'" *Smith*, 2015-Ohio-4225, at ¶ 10, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B).

**{¶12}** "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000).

**{¶13}** "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 20. *See also Maggette*, 2016-Ohio-5554, at ¶ 32; *Jones* at ¶ 47 (Fischer, J., concurring). "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette* at ¶ 32, citing *State v. Abrams*, 8th Dist. Cuyahoga No. 103786, 2016-Ohio-4570, citing *State v. Payne*, 114 Ohio St.3d 502, 2007-Ohio-4642, ¶ 18.

{¶14} At Survilla's sentencing hearing and in its sentencing entry, the trial court considered the R.C. 2929.11 and 2929.12 factors. (July 6, 2022 Tr. at 49); (Doc. No. 44). Nevertheless, Survilla contends that the trial court abused its discretion by imposing a jail sentence without considering alternative sanctions. Specifically, Survilla suggests the trial court's decision to impose a jail sentence, instead of an alternative sanction, is not supported by the record.

{¶15} Survilla's argument is without merit. Importantly, the Supreme Court of Ohio recently directed Ohio's courts of appeal that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Jones* at ¶ 31. As a result, this court may not modify or vacate a felony sentence based on a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 or 2929.12. *State v. Reed*, 3d Dist. Union No. 14-20-16, 2021-Ohio-1623, ¶ 19, citing *Jones* at ¶ 32-39. Consequently, "'when reviewing felony sentences when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must

determine whether those sentences are contrary to law.'" *Id.*, quoting *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

**{¶16}** Thus, when imposing a felony sentence, "it is '[t]he trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 12th Dist. Butler No. CA2017-04-055, 2017-Ohio-9092, ¶ 15, quoting *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18, citing *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

**{¶17}** In this case, the trial court concluded that the R.C. 2929.12 factors weighed in favor of incarceration. Indeed, when determining the appropriate sanction for Survilla, the trial court "considered the record, oral statements, [and] the pre-sentence report." (July 6, 2022 Tr. at 49). Significantly, Survilla pleaded guilty to two fifth-degree felony charges in two other cases that were disposed of in the July 7, 2022 judgment entry of sentence. Furthermore, the presentence investigation details Survilla's prior record and reflects that she has a history of criminal convictions, including numerous felony convictions as well as drug-related felony convictions.

**{¶18}** The record further reflects that Survilla has not favorably responded to sanctions previously imposed for her criminal convictions and that she demonstrated a pattern of drug and alcohol abuse that is related to the offense in this case. *See State v. Kegley* 3d Dist. Crawford No. 3-16-06, 2016-Ohio-8467, ¶ 27. Importantly, the trial court concluded that Survilla is not "a good candidate for community control" after she admitted to violating the terms of her intervention in lieu of conviction in this case. (July 6, 2022 Tr. at 49). *See Kegley* at ¶ 21. Specifically, Survilla violated the terms of her intervention in lieu of conviction by testing positive for methamphetamines and amphetamines in addition to failing to appear for drug tests. Consequently, the trial court concluded that Survilla was likely to commit future crimes. *See* R.C. 2929.12(D).

**{¶19}** Thus, the trial court did not abuse its discretion by imposing a six-month jail term even though Survilla would have weighed the R.C. 2929.12 factors differently. As a result, because her sentence is within the sentencing range and the trial court considered the purposes and principles of sentencing set forth under R.C. 2929.11 and 2929.12, Survilla's sentence is not contrary to law.

**{¶20}** Therefore, Survilla's assignment of error is overruled.

{¶21} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**MILLER, P.J. and WILLAMOWSKI, J., concur.**

**/jlr**