[Cite as *State v. Steger*, 2016-Ohio-7908.]

IN THE COURT OF APPEALS

TWELFTH APPELLATE DISTRICT OF OHIO

BUTLER COUNTY

| | | |
|---|---|---|
| STATE OF OHIO, | : | |
| | | CASE NO.   CA2016-03-059 |
| Plaintiff-Appellee, | : | |
| | | O P I N I O N |
| | : | 11/28/2016 |
| - vs - | | |
| | : | |
| HARRY D. STEGER, | : | |
| Defendant-Appellant. | : | |

CRIMINAL APPEAL FROM BUTLER COUNTY COURT OF COMMON PLEAS
Case No. CR2015-08-1230

Michael T. Gmoser, Butler County Prosecuting Attorney, Lina N. Alkamhawi, Government Services Center, 315 High Street, 11th Floor, Hamilton, Ohio 45011, for plaintiff-appellee

Charles M. Conliff, 5145 Pleasant Avenue, Suite 18, P.O. Box 18424, Fairfield, Ohio 45018-0424, for defendant-appellant

**M. POWELL, P.J.**

{¶ 1}   Defendant-appellant, Harry Steger, appeals the sentence he received in the Butler County Court of Common Pleas after he pled guilty to one count each of gross sexual imposition and attempted gross sexual imposition.

{¶ 2}   Appellant was indicted in August 2015 on seven counts of gross sexual imposition of a person less than 13 years of age.  The charges stemmed from allegations

that between May 1, 2014, and May 18, 2015, appellant engaged in sexual contact with his two stepdaughters (the "victims"), ages 10 and 12, by touching the victims' breasts, vaginal area, and/or buttocks. On January 21, 2016, appellant pled guilty to one count of gross sexual imposition, a third-degree felony, and one count of attempted gross sexual imposition, a fourth-degree felony, both in violation of R.C. 2907.05(A)(4). Prior to appellant's plea, the trial court informed him that the gross sexual imposition charge carried a presumption for a prison term and that the burden was on appellant to rebut the presumption at sentencing. A sentencing hearing was scheduled for March 3, 2016, and the trial court ordered that a presentence investigation report ("PSI") be prepared.

{¶ 3} Prior to the sentencing hearing, appellant submitted a sentencing memorandum in which he asserted that either a community control or minimum prison sentence would achieve the purposes of sentencing in this case. Appellant argued his conduct was not more serious than conduct normally constituting the offense of gross sexual imposition, he did not cause physical harm to the victims and never threatened them, "there are substantial grounds to mitigate [his] conduct," he was remorseful and accepted full responsibility for his actions, and he was at a low risk to reoffend.[1]

{¶ 4} At the sentencing hearing, defense counsel informed the trial court that appellant "had shown extreme remorse to [defense counsel]" for his actions and noted that appellant had taken responsibility for his conduct by pleading guilty. Defense counsel urged the trial court to sentence appellant to either community control or a minimum prison term. Counsel argued that either sentence would be appropriate given appellant's lack of criminal record, his compliance with all the terms of his release, and the fact he was the caretaker of

---

1. The sentencing memorandum states that appellant was examined by a clinical and forensic psychologist, and that following a sex offender risk assessment, the psychologist found appellant to be at a low level of reoffending. A footnote in the sentencing memorandum indicates that the psychologist's report, although not attached as an exhibit to the sentencing memorandum, would be sent electronically to the prosecutor and hand-delivered to the trial court for review.

his out-of-state elderly parents. Appellant offered a brief statement in allocution in which he acknowledged the pain and distress he had caused. The state asked the trial court to take into account the victims' written statements, the written statement of their mother (who was also appellant's wife), the violation of trust caused by appellant's actions, and the devastating effect it had on his family.

{¶ 5} After considering this evidence and reviewing the victim impact statements from the victims and their mother, the PSI, appellant's sentencing memorandum, and the attachments provided to the court by defense counsel, the trial court found that the presumption in favor of a prison term had not been rebutted. The trial court then sentenced appellant to 60 months in prison on the gross sexual imposition charge and to 18 months in prison on the attempted gross sexual imposition charge and ordered that the sentences be served concurrently. In sentencing appellant, the trial court acknowledged appellant's otherwise law-abiding life but noted the seriousness of his actions and their likely repercussions for the victims and their mother, the fact that the sexual abuse was not an isolated incident but rather "a continuing, regular [course] of conduct, and that's disturbing," and the fact appellant was victimizing the victims while their mother was dealing with a serious illness. The trial court also classified appellant as a Tier II sex offender.

{¶ 6} Appellant now appeals, raising one assignment of error:

{¶ 7} THE TRIAL COURT ERRED TO THE APPELLANT'S PREJUDICE BY IMPOSING A PRISON SENTENCE.

{¶ 8} Appellant argues the trial court erred by sentencing him to prison for his offenses. Specifically, appellant argues the trial court did not properly consider the overriding purposes and principles of felony sentencing under R.C. 2929.11 and failed to balance the seriousness and recidivism factors set forth in R.C. 2929.12, and instead only considered how "bad" his conduct was. Appellant asserts that given the clear and convincing evidence

he is at a low risk of reoffending and that his conduct was less serious than the conduct of other offenders, he has rebutted the presumption for prison and should have been sentenced to community control.

{¶ 9} We review the imposed sentence under the standard of review set forth in R.C. 2953.08(G)(2), which governs all felony sentences. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1; *State v. Crawford*, 12th Dist. Clermont No. CA2012-12-088, 2013-Ohio-3315, ¶ 6. Pursuant to that statute, an appellate court does not review the sentencing court's decision for an abuse of discretion. *Marcum* at ¶ 10. Rather, R.C. 2953.08(G)(2) compels an appellate court to modify or vacate a sentence only if after reviewing the record, including the findings underlying the sentence, the appellate court finds by clear and convincing evidence that "the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *Id.* at ¶ 1. A sentence is not clearly and convincingly contrary to law where the trial court "considers the principles and purposes of R.C. 2929.11, as well as the factors listed in R.C. 2929.12, properly imposes postrelease control, and sentences the defendant within the permissible statutory range." *State v. Julious*, 12th Dist. Butler No. CA2015-12-224, 2016-Ohio-4822, ¶ 8.

{¶ 10} Moreover, even in those cases where a sentence is imposed solely after consideration of the factors in R.C. 2929.11 and 2929.12, that is, where the sentence imposed does not require any of the statutory findings specifically addressed within R.C. 2953.08(G)(2), an appellate court will nevertheless review those sentences "under a standard that is equally deferential to the sentencing court." *Marcum* at ¶ 23; *Julious* at ¶ 9. "That is, an appellate court may vacate or modify any sentence that is not clearly and convincingly contrary to law only if the appellate court finds by clear and convincing evidence that the record does not support the sentence." *Marcum* at ¶ 23. Thus, this court may "increase, reduce, or otherwise modify a sentence only when it clearly and convincingly finds that the

sentence is (1) contrary to law or (2) unsupported by the record." *State v. Brandenburg*, 146 Ohio St.3d 221, 2016-Ohio-2970, ¶ 1, citing *Marcum* at ¶ 7.

{¶ 11} Appellant was convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4). Consequently, pursuant to R.C. 2907.05(C)(2), "there is a presumption that a prison term shall be imposed for the offense." In fashioning an appropriate sanction for a defendant convicted of gross sexual imposition in violation of R.C. 2907.05(A)(4), "it is presumed that a prison term is necessary in order to comply with the purposes and principles of sentencing under section 2929.11 of the Revised Code." R.C. 2929.13(D)(1).

{¶ 12} The purposes of felony sentencing are to protect the public from future crime by the offender and to punish the offender. R.C. 2929.11(A). A felony sentence must be reasonably calculated to achieve the purposes set forth in R.C. 2929.11(A) "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact on the victim, and consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). When sentencing a defendant, a trial court is not required to consider each sentencing factor, but rather to exercise its discretion in determining whether the sentence satisfies the overriding purpose of Ohio's sentencing structure. *State v. Littleton*, 12th Dist. Butler No. CA2016-03-060, 2016-Ohio-7544, ¶ 12. The seriousness and recidivism factors set forth in R.C. 2929.12 are nonexclusive, and R.C. 2929.12 explicitly allows a trial court to consider any relevant factors in imposing a sentence. *Id.*; *State v. Birt*, 12th Dist. Butler No. CA2012-02-031, 2013-Ohio-1379, ¶ 64.

{¶ 13} After a thorough review of the record, including the trial court's underlying findings for the sentence, we find no error in the trial court's decision to sentence appellant to prison for his offenses, and not to community control. The record plainly reveals that appellant's sentence is not clearly and convincingly contrary to law because the trial court properly considered the principles and purposes of R.C. 2929.11, as well as the factors listed

in R.C. 2929.12, imposed the required mandatory five-year postrelease control term, and sentenced appellant within the permissible statutory range for both a third-degree and fourth-degree felony in accordance with R.C. 2929.14(A)(3)(a) and (4). *Littleton* at ¶ 13. At the sentencing hearing and in its sentencing entry, the trial court specifically stated it considered the purposes and principles of sentencing and weighed the recidivism and seriousness factors before imposing appellant's prison sentence.

{¶ 14} The record further supports the trial court's sentencing decision. Although appellant expressed remorse for his actions and he did not have a criminal history, the record supports the trial court's determination that sentencing appellant to prison and not to community control was commensurate with the seriousness of appellant's conduct, necessary to punish appellant, and necessary to protect the public from future crime by appellant.

{¶ 15} With regard to the recidivism factors, appellant is correct that none of the factors set forth in R.C. 2929.12(D) indicating an offender is likely to recidivate, apply here. Appellant is also correct that most of the factors set forth in R.C. 2929.12(E) indicating an offender is unlikely to recidivate, favor appellant, including the fact appellant expressed remorse for his actions and that until the offenses, he led a law-abiding life. At the sentencing hearing, the trial court found that appellant "[had] been a law abiding citizen other than this."

{¶ 16} With regard to the seriousness factors set forth in R.C. 2929.12, appellant is correct that two of the four factors set forth in R.C. 2929.12(C) indicating a "less serious conduct," favor him. However, three of the nine "more serious conduct" factors set forth in R.C. 2929.12(B) apply here. Specifically, the victims suffered psychological harm, the harm was exacerbated by the victims' age, and appellant's stepparent relationship with the victims facilitated the offenses. R.C. 2929.12(B)(1), (2), and (6). Appellant used his authority as a

stepfather in facilitating his offenses. For over a year, he repeatedly engaged in sexual contact with the victims while their mother was dealing with a serious illness.

{¶ 17} At the sentencing hearing, the trial court specifically stated it had "reviewed, considered the victim impact statements from the children, from the children's mother, the presentence investigation report, the sentencing memorandum and the attachments provided to the Court by [defense] counsel." In finding that appellant had not rebutted the presumption of prison and in sentencing appellant to prison and not to community control, the trial court emphasized the gravity of appellant's actions, the likely repercussions for the victims and their mother, the fact the sexual abuse was not an isolated incident but rather a continuing, regular course of conduct, and the fact appellant was victimizing the victims while their mother was dealing with a serious illness.

{¶ 18} Appellant disagrees with the trial court's analysis and its balancing of the seriousness and recidivism factors in R.C. 2929.12 and mitigation evidence. However, R.C. 2929.12 allows a trial court to consider any relevant factors in imposing a sentence. *Birt*, 2013-Ohio-1379 at ¶ 64. The trial court, in imposing a sentence, determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances. *State v. Stubbs*, 10th Dist. Franklin No. 13AP-810, 2014-Ohio-3696, ¶ 16. Upon reviewing the record, we find there is no clear and convincing evidence the trial court erred in balancing the factors in R.C. 2929.12 and the mitigation evidence.

{¶ 19} We therefore find the trial court did not err in sentencing appellant to prison for his offenses. *See State v. Eichele*, 11th Dist. Geauga No. 2015-G-0050, 2016-Ohio-7145 (upholding prison sentence for gross sexual imposition, even though defendant had no criminal record, had led a law-abiding life, and was at a very low risk to reoffend, where victim suffered serious psychological harm due to being molested by her father, victim's young age exacerbated her injuries, and defendant's relationship to victim facilitated the offense); *State*

*v. Brooks*, 11th Dist. Trumbull No. 2015-T-0111, 2016-Ohio-4743 (upholding maximum prison sentence for gross sexual imposition, even though there was minimal criminal history or likelihood of recidivism, where defendant had no remorse, defendant was victim's grandfather, victim was eight years old, and victim suffered psychological harm).

{¶ 20} Appellant's assignment of error is overruled.

{¶ 21} Judgment affirmed.

RINGLAND and HENDRICKSON, JJ., concur.