[Cite as *State v. Call*, 2024-Ohio-1944.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

JAIMIE J. CALL,

    DEFENDANT-APPELLANT.

CASE NO. 9-23-75

O P I N I O N

Appeal from Marion County Common Pleas Court
Trial Court No. 23-CR-509

Judgment Affirmed

Date of Decision:  May 20, 2024

APPEARANCES:

    *W. Joseph Edwards* for Appellant

    *Martha Schultes* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Jamie J. Call ("Call"), appeals the November 2, 2023 judgment entry of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On September 28, 2022, the Marion County Grand Jury indicted Call on seven counts: Count One of aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(e), a first-degree felony; Count Two of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(d), a first-degree felony; Count Three of trafficking in marihuana in violation of R.C. 2925.03(A)(2), (C)(3)(d), a second-degree felony; Count Four of possession of marihuana in violation of R.C. 2925.11(A), (C)(3)(d), a third-degree felony; Count Five of having weapons while under disability in violation of R.C. 2923.13(A)(3), (B), a third-degree felony; Count Six of possession of a fentanyl-related compound in violation of R.C. 2925.11(A), (C)(11)(b), a fourth-degree felony; and Count Seven of aggravated possession of drugs in violation of R.C. 2925.11(A), (C)(1)(a), a fifth-degree felony. Counts One through Four and Counts Six and Seven included forfeiture specifications. Call appeared for arraignment on October 3, 2022 and entered pleas of not guilty to the indictment.

{¶3} On September 12, 2023, Call withdrew her pleas of not guilty and entered a guilty plea to an amended Count One together with the corresponding forfeiture specifications. In exchange for her plea, the State agreed to amend Count One to aggravated trafficking in drugs in violation of R.C. 2925.03(A)(2), (C)(1)(d), a second-degree felony, and to dismiss the remaining counts and specifications in the indictment. The trial court accepted Call's guilty plea, found her guilty, dismissed Counts Two through Seven (and the corresponding forfeiture specifications), and ordered a presentence investigation.

{¶4} On October 30, 2023, the trial court sentenced Call to a minimum term of 8 years to a maximum term of 12 years in prison and ordered the property identified in the forfeiture specifications forfeited.[1] (Doc. No. 94).

{¶5} On November 16, 2023, Call filed her notice of appeal. She raises one assignment of error for our review.

### Assignment of Error

**The Trial Court Erred When It Sentenced Appellant To The Maximum Prison Sentence Instead Of A Lesser Sentence Based On The Circumstances Surrounding The Offense.**

{¶6} In her sole assignment of error, Call challenges the sentence imposed by the trial court. Specifically, Call argues that the trial court erred by imposing a

---

[1] The trial court filed its judgment entry of sentence on November 2, 2023; however, it filed a nunc pro tunc entry correcting a clerical error on November 3, 2023. (Doc. Nos. 94, 96).

maximum sentence because "she should be given the help she needs and a lesser sentence [would] put an end to her poor pattern of behavior." (Appellant's Brief at 3).

*Standard of Review*

**{¶7}** R.C. 2953.08 provides specific grounds for a defendant to appeal a felony sentence. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 10. Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

**{¶8}** "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th

Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9.

**{¶9}** In this case, as a second-degree felony, aggravated trafficking of drugs carries a mandatory, indefinite sanction of 2-years to 8-years of imprisonment. R.C. 2925.03(A)(2), (C)(1)(d); 2929.13(F)(5); 2929.14(A)(2)(a); 2929.144(B). Because the trial court sentenced Call to a minimum term of 8 years to a maximum term of 12 years in prison, the trial court's sentence is within the statutory range and is appropriately calculated. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

**{¶10}** When imposing a sentence for a felony offense, trial courts must consider R.C. 2929.11 and 2929.12. R.C. 2929.11 provides, in its relevant part, that the

> overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B).

{¶11} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.).

{¶12} "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 20. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32.

{¶13} Thus, when imposing a felony sentence, "it is '[t]he trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 12th Dist. Butler No. CA2017-04-055, 2017-Ohio-9092, ¶ 15, quoting *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18. "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

{¶14} At Call's sentencing hearing and in its sentencing entry, the trial court considered the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. (Oct. 30, 2023 Tr. at 6); (Doc. No. 94). Nevertheless, Call contends that the record does not clearly and convincingly support the trial court's findings under R.C. 2929.11 or 2929.12 because the record does not support the imposition of a maximum prison sentence. In other words, Call disagrees with the trial court's application of the sentencing guidelines under R.C. 2929.11 and 2929.12 to the facts and circumstances of her case. *Compare State v. Reed*, 3d Dist. Union No. 14-20-16, 2021-Ohio-1623, ¶ 17 (resolving that "Reed simply disagrees with the trial court's application of these factors to the facts and circumstances of his case").

{¶15} The record in this case reveals that Call's argument is without merit. Importantly, the Supreme Court of Ohio has directed Ohio's courts of appeal that R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, at ¶ 31. As a result, this court may not modify or vacate a felony sentence based on a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 or 2929.12. *Reed* at ¶ 19, citing *Jones* at ¶ 32-39. Consequently, "'when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law.'" *Id.*, quoting *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶16} Here, the trial court determined that a minimum term of 8 years to a maximum term of 12 years in prison is consistent with the principles and purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Specifically, in assessing the seriousness of Call's conduct, the trial court found that Call's conduct is more serious than conduct normally constituting the offense based on "the amount of money and drugs that

were recovered [as well as because] this offense was committed as part of organized criminal activity." (Oct. 3, 2023 Tr. at 7). *See* R.C. 2929.12(B)(7). The trial court found that none of factors under R.C. 2929.12(C) indicating that Call's conduct is less serious than conduct normally constituting the offense apply in this case.

{¶17} In assessing whether Call was likely to commit future crimes, the trial court found that Call is likely to commit future crimes because she has a history of criminal convictions and she has not responded favorably to sanctions previously imposed for those criminal convictions. *See* R.C. 2929.12(D)(1), (2). Importantly, the trial court found that Call was convicted of a felony offense in 2019 and that "[p]robation was granted in that case, which was ultimately revoked, and [Call] was sentenced to serve a term in prison" and that "[t]here's also a Post Release Control violation after being released in that case." (Oct. 30, 2023 Tr. at 7). Furthermore, the trial court found that Call has (recent) prior felony-drug convictions. Likewise, the trial court found that Call expressed "no genuine remorse for the offense." (*Id.*). *See* R.C. 2929.12(D)(5). Applying the factors under R.C. 2929.12(E)—indicating that Call is not likely to commit future crimes—the trial court found that none of the factors applied. (Dec. 20, 2019 Tr. at 7).

{¶18} Based on our review of the record, even though Call would have weighed the considerations under R.C. 2929.11 and 2929.12 differently, we conclude that the trial court did not abuse its discretion by imposing a minimum

term of 8 years to a maximum term of 12 years in prison. *Accord State v. West*, 3d Dist. Seneca No. 13-22-07, 2022-Ohio-4069, ¶ 21. Therefore, because Call's sentence is within the sentencing range (and is appropriately calculated) and the trial court properly considered R.C. 2929.11 and 2929.12, Call's sentence is not contrary to law. *See Reed*, 2021-Ohio-1623, at ¶ 20.

{¶19} Therefore, Call's assignment of error is overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

***Judgment Affirmed***

**WILLAMOWSKI, P.J. and WALDICK, J., concur.**

**/hls**