[Cite as *State v. Shefbuch*, 2026-Ohio-708.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## SHELBY COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

    v.

JOSHUA L. SHEFBUCH,

    DEFENDANT-APPELLANT.

CASE NO. 17-25-08

OPINION AND
JUDGMENT ENTRY

Appeal from Shelby County Common Pleas Court
Criminal Division
Trial Court No. 24CR000295

Judgment Affirmed

Date of Decision:  March 2, 2026

APPEARANCES:

    *Eric J. Ambos* for Appellant

    *Heath H. Hegemann* for Appellee

**MILLER, J.**

{¶1} Defendant-appellant, Joshua L. Shefbuch ("Shefbuch"), appeals the judgment of sentence entered against him in the Shelby County Court of Common Pleas on July 9, 2025. For the reasons set forth below, we affirm.

*Facts and Procedural History*

{¶2} This case originated on December 19, 2024, when a Shelby County grand jury indicted Shefbuch on four counts: Count One of possession of drugs in violation of R.C. 2925.11(A), a third-degree felony; Count Two of possessing criminal tools in violation of R.C. 2923.24, a fifth-degree felony; Count Three of operating a motor vehicle while under the influence of alcohol or drugs of abuse in violation of R.C. 4511.19(A)(1)(a), a first-degree misdemeanor; and Count Four of operating a motor vehicle with a specified concentration of a controlled substance in violation of R.C. 4511.19(A)(1)(f), a first-degree misdemeanor.

{¶3} Pursuant to a negotiated-plea agreement, on June 9, 2025, Shefbuch entered guilty pleas to an amended Count One, possession of drugs in violation of R.C. 2925.11(A), a fourth-degree felony, and Count Four of the indictment as charged. That same day, the trial court accepted Shefbuch's guilty pleas, found him guilty of the two offenses, and ordered a presentence investigation ("PSI"). At the State's request, the trial court dismissed Counts Two and Three.

{¶4} On July 9, 2025, a sentencing hearing was held and Shefbuch was sentenced to a term of 12 months in prison for the drug possession charge. The court imposed three days in jail for operating a vehicle under the influence. In addition, the trial court suspended Shefbuch's driver's license for one year and ordered Shefbuch to pay a $375 fine and court costs. On July 14, 2025, the trial court filed its judgment entry of sentence.

{¶5} Shefbuch filed a notice of appeal on July 15, 2025. He raises a single assignment of error.

## Assignment of Error

**The trial court's decision to sentence Appellant to 12 months in prison instead of community control sanctions is clearly and convincingly unsupported by the record.**

{¶6} In his assignment of error, Shefbuch asserts that the trial court erred in ordering him to serve a sentence of 12 months in prison. Shefbuch contends the trial court failed to fully consider, or improperly weighed, all the purposes of felony sentencing and all the seriousness and recidivism factors a court shall consider when imposing a felony sentence before determining that he was not amenable to community control. Specifically, Shefbuch argues that when considering the statutory felony sentencing factors, the trial court failed to weigh his ongoing drug rehabilitation and placed undue emphasis on his prior violations of community control. Shefbuch also contends that because he acknowledged his pattern of drug use at the sentencing hearing, the trial court erred in imposing a prison sentence rather than community control. For the reasons that follow, we disagree.

*Standard of Review*

**{¶7}** Under R.C. 2953.08(G)(2), an appellate court may reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id*. at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Relevant Authority*

**{¶8}** "'Trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 2015-Ohio-4225, ¶ 9 (3d Dist.), quoting *State v. Noble*, 2014-Ohio-5485, ¶ 9 (3d Dist.). A sentence imposed within the statutory range is generally valid so long as the trial court considered the applicable sentencing policies that apply to every felony sentencing, including those contained in R.C. 2929.11, and the sentencing factors of 2929.12. *See State v. Watts*, 2020-Ohio-5572, ¶ 10 and 14 (3d Dist.); *State v. Maggette*, 2016-Ohio-5554, ¶ 30-31 (3d Dist.).

**{¶9}** R.C. 2929.11 provides, in pertinent part, that the "overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11(A). To

-4-

achieve the overriding purposes of felony sentencing, R.C. 2929.11 directs courts to "consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." *Id*. In addition, R.C. 2929.11(B) instructs that a sentence imposed for a felony "shall be reasonably calculated to achieve the three overriding purposes of felony sentencing . . ., commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences imposed for similar crimes committed by similar offenders."

{¶10} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Smith* at ¶ 10, citing R.C. 2929.12(A). In addition, the trial court must consider "the factors set forth in [R.C. 2929.12(F)] pertaining to the offender's service in the armed forces of the United States." R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12.'" *Smith* at ¶ 15, quoting *State v. Brimacombe*, 2011-Ohio-5032, ¶ 18 (6th Dist.), citing *State v. Arnett*, 88 Ohio St.3d 208, 215 (2000). Neither statute "requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20; *see also* R.C. 2929.11 and 2929.12.

{¶11} In considering R.C. 2929.11 and 2929.12 as they relate to felony-sentencing appeals, the Supreme Court of Ohio has further limited appellate review by holding that "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or

vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12," and subdivision (b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 31, 34, 39 ("an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as the term is used in R.C. 2953.08(G)(2)(b)"). Thus, R.C. 2953.08(G)(2) does not allow "an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id*. at 42; *see also State v. Bryant*, 2022-Ohio-1878, ¶ 22. However, "when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law," and claims that raise those "types of issues are therefore reviewable." *Bryant* at ¶ 22 (finding the trial court increased the sentence based on an impermissible consideration).

*Analysis*

{¶12} Shefbuch does not assert that the sentence imposed was outside the statutory range nor do we find that to be the case. Nor has Shefbuch argued that the trial court erred regarding any of the procedural aspects of his sentencing. Instead, Shefbuch contends the trial court's analysis unduly focused on his prior violations of community control, instead of whether he had overcome his demonstrated pattern of alcohol or drug abuse.

{¶13} Shefbuch argues that the trial court's decision to impose a 12-month prison sentence instead of community control sanctions is clearly and convincingly not supported by the record, because the trial court improperly considered and applied the purposes of felony sentencing set forth in R.C. 2929.11, as well as the seriousness and recidivism factors set forth in R.C. 2929.12. However, the record clearly indicates the trial court appropriately considered the overriding purposes of felony sentencing as well as the seriousness and recidivism factors. Both at the sentencing hearing and in its corresponding judgment entry, the trial court stated it had considered the purposes and principles set forth in R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12, in addition to the oral statements of the parties at the sentencing hearing and the PSI.

{¶14} As explained above, neither statute requires a trial court to make any specific factual findings on the record regarding R.C. 2929.11 and 2929.12. Furthermore, we are not allowed to independently review the record to determine whether the trial court chose an appropriate sentence based on R.C. 2929.11 and 2929.12 when the record reveals that such purposes and factors were, in fact, considered. Shefbuch argues that "[s]ince Appellant acknowledged his pattern of drug abuse at the sentencing hearing, the trial court erred in considering that the recidivism factor set forth in R.C. 2929.12(D)(4) indicated that Appellant is likely to commit future crimes." (Appellant's Brief at 6). However, we note that "it is 'the trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 2017-Ohio-9092, ¶ 15 (12th Dist.), quoting *State v. Steger*, 2016-Ohio-7908,

¶ 18 (12th Dist.). "The fact that the trial court chose to weigh various sentencing factors differently than how [Shefbuch] would have weighed them does not mean the trial court erred in imposing [Shefbuch's] sentence." *Id.*

{¶15} Despite Shefbuch's claim to the contrary, we note that the PSI in this case more than adequately supports the trial court's finding that Shefbuch is not amenable to community control. Specifically, the PSI reflects that Shefbuch's adult criminal history includes a prior misdemeanor conviction; prior felony convictions for forgery and attempted trafficking in drugs; and two probation violations. The trial court particularly noted that Shefbuch has failed to complete multiple court mandated drug and alcohol rehabilitation treatments. After his first probation violation, Shefbuch was ordered to complete one such drug and alcohol treatment program. However, Shefbuch failed to complete the program, his community control sanctions were revoked, and he was sentenced to 12 months in prison. Further, the instant offense was committed just six months after Shefbuch completed probation in Miami County. Given these events, we do not find the trial court erred by weighing the statutory factors against imposing community control sanctions.

{¶16} The record before us confirms that the trial court gave consideration to the overriding purposes of felony sentencing outlined in R.C. 2929.11 and the seriousness and recidivism factors described in R.C. 2929.12. Consideration of these factors supports the trial court's conclusion that Shefbuch is not amenable to community control. The prison term imposed by the trial court was within the statutory range allowed for the offenses

committed. Accordingly, there is no clear and convincing evidence to support that the sentence imposed by the trial court on Shefbuch is unsupported by findings under the relevant statutes or is contrary to the law.

### Conclusion

{¶17} For the foregoing reasons, appellant's assignment of error is overruled. Having found no error prejudicial to the defendant-appellant in the particulars assigned and argued, the judgment of the Shelby County Court of Common Pleas is affirmed.

**Judgment Affirmed**

**WILLAMOWSKI, and WALDICK, J.J., concur.**

Case No. 17-25-08

# **JUDGMENT ENTRY**

For the reasons stated in the opinion of this Court, the assignment of error is overruled and it is the judgment and order of this Court that the judgment of the trial court is affirmed with costs assessed to Appellant for which judgment is hereby rendered.  The cause is hereby remanded to the trial court for execution of the judgment for costs.

It is further ordered that the Clerk of this Court certify a copy of this Court's judgment entry and opinion to the trial court as the mandate prescribed by App.R. 27; and serve a copy of this Court's judgment entry and opinion on each party to the proceedings and note the date of service in the docket.  See App.R. 30.

_____
Mark C. Miller, Judge


_____
John R. Willamowski, Judge


_____
Juergen A. Waldick, Judge

DATED:
/jlm

-10-