[Cite as *State v. Williams*, 2024-Ohio-2078.]

COURT OF APPEALS
MUSKINGUM COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| STATE OF OHIO | : | JUDGES: |
| | : | |
| | : | Hon. Patricia A. Delaney, P.J. |
| Plaintiff-Appellee | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | Case No. CT2023-0073 |
| | : | |
| CAMERON D. WILLIAMS, JR. | : | |
| | : | |
| | : | |
| Defendant-Appellant | : | O P I N I O N |


CHARACTER OF PROCEEDING:      Appeal from the Muskingum County
                             Court of Common Pleas, Case No.
                             CR2023-0259


JUDGMENT:                    AFFIRMED


DATE OF JUDGMENT ENTRY:      May 29, 2024


APPEARANCES:

For Plaintiff-Appellee:                    For Defendant-Appellant:

RONALD L. WELCH                            CHRIS BRIGDON
MUSKINGUM CO. PROSECUTOR                   8138 Somerset Road
JOHN CONNOR DEVER                          Thornville, OH 43076
27 North Fifth St., P.O. Box 189
Zanesville, OH 43702

*Delaney, P.J.*

{¶1} Appellant Cameron D. Williams, Jr., appeals from the September 21, 2023 Entry of the Muskingum County Court of Common Pleas.  Appellee is the state of Ohio.

### FACTS AND PROCEDURAL HISTORY

{¶2} The following facts are adduced from appellee's statement at the change-of-plea hearing on August 2, 2023.

{¶3} On May 13, 2022, a state trooper traffic-stopped a vehicle in which appellant was a passenger.  The trooper noticed the smell of marijuana emanating from the vehicle and appellant admitted there was "a gram or two" of marijuana in the vehicle. Appellant was removed from the vehicle and placed in a cruiser.

{¶4} The officer observed a small baggie containing a white substance outside the door of the cruiser and asked for another officer's assistance. The trooper asked appellant whether the substance was cocaine; at first, appellant said it was powdered sugar and then said it was cocaine.  The substance was lab tested and determined to be 4.2 grams of fentanyl.

{¶5} Appellant was charged by indictment with one count of possession of a fentanyl-related compound pursuant to R.C. 2925.11(A) and 2925.11(C)(11)(b), a felony of the fourth degree [Count I] and one count of tampering with evidence pursuant to R.C. 2921.12(A)(1) and (2) and R.C. 2921.12(B), a felony of the third degree [Count II].

{¶6} On August 2, 2023, appellant appeared before the trial court and entered pleas of guilty as charged; the matter was continued for sentencing. The trial court ordered a pre-sentence investigation (P.S.I.).

{¶7} Appellant appeared for sentencing on September 18, 2023. On the record and in the sentencing entry, the trial court noted appellant had a lengthy criminal history; the instant offenses were committed shortly after appellant was released from prison and while he was on post-release control; appellant had multiple write-ups while in prison; and appellant was historically unsuccessful on probation, judicial release, and post-release control. The trial court imposed a prison term of 18 months upon Count I and 36 months upon Count II, ordering the terms to be served consecutively.

{¶8} The trial court terminated appellant's post-release control on three Summit County cases and imposed the remaining time on those terms to be served in prison, consecutive to the 54-month term in the instant case.

{¶9} The trial court found the imposition of consecutive sentences to be necessary to protect the public from future crime or to punish appellant, that consecutive sentences are not disproportionate to the seriousness of appellant's conduct, and to the danger appellant poses to the public.

{¶10} The trial court further found appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by appellant.

{¶11} Appellant was also notified of a 2-year period of post-release control in the instant case and of penalties for violation thereof.

{¶12} Appellant now appeals from the trial court's sentencing entry of September 18, 2023.

{¶13} Appellant raises two assignments of error:

**ASSIGNMENTS OF ERROR**

{¶14} "I. THE PROPORTIONALITY OF THE SENTENCE WAS INCONSISTENT WITH THE PRINCIPLES SET FORTH IN O.R.C. 2929.11 AND FACTORS TO BE CONSIDERED IN O.R.C. 2929.12."

{¶15} "II. SHOULD THIS HONORABLE COURT SHOULD REVERSE THE TRIAL COURT'S DECISION TO IMPOSE CONSECUTIVE SENTENCES ON COUNTS 1-2 BECAUSE THE CONSECUTIVE SENTENCES ARE IN CONTRAVENTION OF THE SENTENCING STATUTES (*sic*)."

**ANALYSIS**

I., II.

{¶16} Appellant's two assignments of error are related and will be considered together. He argues his sentence is disproportionate to the seriousness of the offenses and that the trial court erred in ordering consecutive sentences.  We disagree.

{¶17} A court reviewing a criminal sentence is required by R.C. 2953.08(F) to review the entire trial court record, including any oral or written statements and presentence investigation reports. R.C. 2953.08(F)(1) through (4). We review felony sentences using the standard of review set forth in R.C. 2953.08. *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, 59 N.E.3d 1231, ¶ 22. R.C. 2953.08(G)(2) provides we may either increase, reduce, modify, or vacate a sentence and remand for resentencing where we clearly and convincingly find that either the record does not support the sentencing court's findings under R.C. 2929.13(B) or (D), 2929.14(B)(2)(e) or (C)(4), or 2929.20(I), or the sentence is otherwise contrary to law. *See, also, State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, 16 N.E.2d 659, ¶ 28.

*Maximum sentence*

{¶18} A trial court's imposition of a maximum prison term for a felony conviction is not contrary to law if the sentence is within the statutory range for the offense, and the court considers both the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors set forth in R.C. 2929.12. *State v. Carbaugh*, 5th Dist. No. CT2022-0050, 2023-Ohio-1269, 213 N.E.3d 180, ¶ 26, internal citations omitted. "[N]either R.C. 2929.11 nor 2929.12 require [the] court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649, ¶ 20, *citing State v. Wilson*, 129 Ohio St.3d 214, 2011-Ohio-2669, 951 N.E.2d 381, ¶ 31, and *State v. Arnett*, 88 Ohio St.3d 208, 215, 724 N.E.2d 793 (2000).

{¶19} In *State v. Bryant*, the Court clarified,

> The narrow holding in *Jones* [163 Ohio St.3d 242, 2020-Ohio-6729, 169 N.E.3d 649] is that R.C. 2953.08(G)(2) does not allow an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12. *See Jones* at ¶ 31, 39. Nothing about that holding should be construed as prohibiting appellate review of a sentence when the claim is that the sentence was improperly imposed based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. Indeed, in *Jones*, this court made clear that R.C. 2953.08(G)(2)(b) permits appellate courts to reverse or modify sentencing decisions that are " 'otherwise contrary to law.' " *Jones* at ¶ 32, *quoting* R.C.

2953.08(G)(2)(b). This court also recognized that "otherwise contrary to law" means " 'in violation of statute or legal regulations at a given time.' " Id. at ¶ 34 *quoting* Black's Law Dictionary 328 (6th Ed.1990). Accordingly, when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law. Claims that raise these types of issues are therefore reviewable.

*State v. Bryant,* 168 Ohio St.3d 250, 2022-Ohio-1878, 198 N.E.3d 68, ¶ 22.

{¶20} In the instant case, on the record at the sentencing hearing, the trial court noted appellant was released from prison two months before he was found with fentanyl. Appellant's criminal history was replete with failures to complete post-release control and probation orders. He has prior convictions for aggravated drug trafficking and trafficking fentanyl, along with having a weapon while under disability. Appellant was convicted of escape and possession of heroin. Upon judicial release from prison in those cases, he violated probation by failing to complete counseling. Appellant admitted on the record he's never completed judicial release requirements because he's always "caught a new case" while on probation from a prior case. T. 11. Appellant agreed with the trial court that while on probation from numerous felonies, he continued to commit new felonies. T. 13. Appellant claimed to be sober but admitted using drugs in prison to "help [him] get through the time." T. 13. The offenses in the instant case were committed while appellant was on probation in Summit County, and he claimed he thought he bought cocaine but

someone gave him fentanyl. The trial court further noted appellant's numerous write-ups in prison for drug use.

{¶21} Appellant argues generally that the trial court failed to recognize he had "turned a corner" in his life and was living lawfully and productively, an assertion belied by the fact that he admittedly bought fentanyl two months after release from prison. We can discern from the record that the trial court considered the sentencing factors in R.C. and R.C. 2929.12. Appellant fails to point to any factors or considerations extraneous to those permitted by R.C. 2929.11 and 2929.12, that would establish the sentence is contrary to law.

{¶22} We conclude that the trial court did not commit error when it sentenced appellant to the maximum sentences. Upon review, we find that the trial court's sentencing on the charges complies with applicable rules and sentencing statutes. While appellant may disagree with the weight given to these factors by the trial judge, his sentence was within the applicable statutory range and therefore, we have no basis for concluding that it is contrary to law. Appellant has not demonstrated that the trial court imposed the sentence based on impermissible considerations—i.e., considerations that fall outside those that are contained in R.C. 2929.11 and 2929.12. *Carbaugh*, supra, 2023-Ohio-1269, 213 N.E.3d 180, ¶ 29 (5th Dist.).

*Consecutive sentences*

{¶23} Appellant further argues the trial court was not authorized to order his sentence to be served consecutively. R.C. 2929.14(C)(4) addresses consecutive sentences and provides:

(4) If multiple prison terms are imposed on an offender for convictions of multiple offenses, the court may require the offender to serve the prison terms consecutively if the court finds that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, and if the court also finds any of the following:

(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.

(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses so committed was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.

(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender.

{¶24} The trial court must make the R.C. 2929.14(C)(4) findings at the sentencing hearing and incorporate its findings into its sentencing entry, but it has no obligation to state reasons to support its findings, nor must it recite certain talismanic words or phrases in order to be considered to have complied. *State v. Bonnell*, 140 Ohio St.3d 209, 2014-Ohio-3177, syllabus.

{¶25} On the record at the hearing and in the sentencing entry, the trial court found the imposition of consecutive sentences to be necessary to protect the public from future crime or to punish appellant, that consecutive sentences are not disproportionate to the seriousness of appellant's conduct, and to the danger appellant poses to the public. Further, appellant's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by appellant. T. 17.

{¶26} In the instant case, there is no dispute that the trial court made the required findings to impose consecutive sentences. Appellant argues, though, that possession of drugs is a victimless crime and over a 16-month period appellant demonstrated he is not a danger to the public. Brief, 10.

{¶27} After reviewing the entire record de novo and weighing the quality and quantity of the evidence, we find that the evidence clearly and convincingly supports the consecutive-sentence findings of the trial court. *State v. Jolly*, 5th Dist. Muskingum No. CT2023-0001, 2023-Ohio-2189, ¶ 24, *appeal not allowed,* 171 Ohio St.3d 1476, 2023-Ohio-3789, 219 N.E.3d 971. In fact, there was ample evidentiary support for the trial court to find that consecutive sentence was necessary to protect the public from future crime or to punish appellant, consecutive sentences were not disproportionate to the

seriousness of his conduct and to the danger he posed to the public, and consecutive sentences were necessary to protect the public from future crimes. *Id.*

{¶28} The trial court did not err in its sentencing of appellant and his two assignments of error are overruled.

## CONCLUSION

{¶29} Appellant's two assignments of error are overruled and the judgment of the Muskingum County Court of Common Pleas is affirmed.

By: Delaney, P.J.,

Gwin, J. and

Baldwin, J., concur.