[Cite as *State v. Lambert*, 2024-Ohio-2308.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

  v.

GARY LAMBERT,

    DEFENDANT-APPELLANT.

CASE NO. 9-23-76

O P I N I O N

Appeal from Marion County Common Pleas Court
Trial Court No. 23-CR276

Judgment Affirmed

Date of Decision: June 17, 2024

APPEARANCES:

    *W. Joseph Edwards* for Appellant

    *Allison M. Kesler* for Appellee

**ZIMMERMAN, J.**

{¶1} Defendant-appellant, Gary Lambert ("Lambert"), appeals the October 31, 2023 judgment entry of sentence of the Marion County Court of Common Pleas. For the reasons that follow, we affirm.

{¶2} On July 12, 2023, the Marion County Grand Jury indicted Lambert on Count One of theft in violation of R.C. 2913.02(A)(1), (B)(2), a fifth-degree felony, and Count Two of receiving stolen property in violation of R.C. 2913.51(A), (C), a fifth-degree felony. Lambert appeared for arraignment on July 17, 2023 and entered pleas of not guilty to the indictment.

{¶3} On October 3, 2023, Lambert withdrew his pleas of not guilty and entered a guilty plea to Count Two of the indictment. In exchange for his plea, the State agreed to dismiss Count One and to a joint-sentencing recommendation. The trial court accepted Lambert's guilty plea, found him guilty, and dismissed Count One.

{¶4} On October 30, 2023, the trial court sentenced Lambert (contrary to the joint recommendation of the parties) to 12 months in prison.[1] (Doc. No. 47).

{¶5} On November 15, 2023, Lambert filed his notice of appeal. He raises one assignment of error for our review.

---

[1] The trial court filed its judgment entry of sentence on October 31, 2023. (Doc. No. 47).

## Assignment of Error

**The Trial Court Erred When It Sentenced Appellant To The Maximum Prison Sentence Instead Of A Lesser Sentence Based On The Circumstances Surrounding The Offense.**

{¶6} In his sole assignment of error, Lambert challenges the sentence imposed by the trial court. Specifically, Lambert argues that the trial court erred by imposing a maximum sentence because "he should be given the help he needs and a lesser sentence in an effort to put an end to his poor pattern of behavior." (Appellant's Brief at 3).

*Standard of Review*

{¶7} R.C. 2953.08 provides specific grounds for a defendant to appeal a felony sentence. *State v. Underwood*, 124 Ohio St.3d 365, 2010-Ohio-1, ¶ 10. Under R.C. 2953.08(G)(2), an appellate court will reverse a sentence "only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statutes or that the sentence is otherwise contrary to law." *State v. Marcum*, 146 Ohio St.3d 516, 2016-Ohio-1002, ¶ 1. Clear and convincing evidence is that "'which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Id.* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

*Analysis*

{¶8} "It is well-established that the statutes governing felony sentencing no longer require the trial court to make certain findings before imposing a maximum

sentence." *State v. Maggette*, 3d Dist. Seneca No. 13-16-06, 2016-Ohio-5554, ¶ 29, citing *State v. Dixon*, 2d Dist. Clark No. 2015-CA-67, 2016-Ohio-2882, ¶ 14 ("Unlike consecutive sentences, the trial court was not required to make any particular 'findings' to justify maximum prison sentences.") and *State v. Hinton*, 8th Dist. Cuyahoga No. 102710, 2015-Ohio-4907, ¶ 9 ("The law no longer requires the trial court to make certain findings before imposing a maximum sentence."). Rather, "'trial courts have full discretion to impose any sentence within the statutory range.'" *State v. Smith*, 3d Dist. Seneca No. 13-15-17, 2015-Ohio-4225, ¶ 10, quoting *State v. Noble*, 3d Dist. Logan No. 8-14-06, 2014-Ohio-5485, ¶ 9.

{¶9} In this case, as a fifth-degree felony, receiving stolen property carries a non-mandatory, definite sanction of 6-months to 12-months of imprisonment. R.C. 2913.51(A), (C); 2929.14(A)(5). Because the trial court sentenced Lambert to 12 months in prison, the trial court's sentence is within the statutory range. "[A] sentence imposed within the statutory range is 'presumptively valid' if the [trial] court considered applicable sentencing factors." *Maggette* at ¶ 31, quoting *State v. Collier*, 8th Dist. Cuyahoga No. 95572, 2011-Ohio-2791, ¶ 15.

{¶10} When imposing a sentence for a felony offense, trial courts must consider R.C. 2929.11 and 2929.12. R.C. 2929.11 provides, in its relevant part, that the

> overriding purposes of felony sentencing are to protect the public from future crime by the offender and others, to punish the offender, and to promote the effective rehabilitation of the offender using the

minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources.

R.C. 2929.11(A). "In advancing these purposes, sentencing courts are instructed to 'consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both.'" *Smith* at ¶ 10, quoting R.C. 2929.11(A). "Meanwhile, R.C. 2929.11(B) states that felony sentences must be 'commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim' and also be consistent with sentences imposed in similar cases." *Id.*, quoting R.C. 2929.11(B).

{¶11} "In accordance with these principles, the trial court must consider the factors set forth in R.C. 2929.12(B)-(E) relating to the seriousness of the offender's conduct and the likelihood of the offender's recidivism." *Id.*, citing R.C. 2929.12(A). "'A sentencing court has broad discretion to determine the relative weight to assign the sentencing factors in R.C. 2929.12." *Id.* at ¶ 15, quoting *State v. Brimacombe*, 195 Ohio App.3d 524, 2011-Ohio-5032, ¶ 18 (6th Dist.).

{¶12} "[N]either R.C. 2929.11 nor 2929.12 requires a trial court to make any specific factual findings on the record." *State v. Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, ¶ 20. "A trial court's statement that it considered the required statutory factors, without more, is sufficient to fulfill its obligations under the sentencing statutes." *Maggette*, 2016-Ohio-5554, at ¶ 32.

{¶13} Thus, when imposing a felony sentence, "it is '[t]he trial court [that] determines the weight afforded to any particular statutory factors, mitigating grounds, or other relevant circumstances.'" *State v. McKennelly*, 12th Dist. Butler No. CA2017-04-055, 2017-Ohio-9092, ¶ 15, quoting *State v. Steger*, 12th Dist. Butler No. CA2016-03-059, 2016-Ohio-7908, ¶ 18. "The fact that the trial court chose to weigh various sentencing factors differently than how appellant would have weighed them does not mean the trial court erred in imposing appellant's sentence." *Id.*

{¶14} At Lambert's sentencing hearing and in its sentencing entry, the trial court considered the principles and purposes of felony sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. (Oct. 30, 2023 Tr. at 12); (Doc. No. 47). Nevertheless, Lambert contends that the record does not clearly and convincingly support the trial court's findings under R.C. 2929.11 or 2929.12 because the record does not support the imposition of a maximum prison sentence. In other words, Lambert disagrees with the trial court's application of the sentencing guidelines under R.C. 2929.11 and 2929.12 to the facts and circumstances of his case. *Compare State v. Reed*, 3d Dist. Union No. 14-20-16, 2021-Ohio-1623, ¶ 17 (resolving that "Reed simply disagrees with the trial court's application of these factors to the facts and circumstances of his case").

{¶15} The record in this case reveals that Lambert's argument lacks merit. Importantly, the Supreme Court of Ohio has directed Ohio's courts of appeal that

R.C. 2953.08(G)(2)(a) "clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and R.C. 2929.12 because * * * R.C. 2929.11 and R.C. 2929.12 are not among the statutes listed in the provision." *Jones*, 163 Ohio St.3d 242, 2020-Ohio-6729, at ¶ 31. As a result, this court may not modify or vacate a felony sentence based on a finding by clear and convincing evidence that the record does not support the trial court's findings under R.C. 2929.11 or 2929.12. *Reed* at ¶ 19, citing *Jones* at ¶ 32-39. Consequently, "'when reviewing felony sentences that are imposed solely after considering the factors in R.C. 2929.11 and R.C. 2929.12, we shall no longer analyze whether those sentences are unsupported by the record. We simply must determine whether those sentences are contrary to law.'" *Id.*, quoting *State v. Dorsey*, 2d Dist. Montgomery No. 28747, 2021-Ohio-76, ¶ 18.

{¶16} Here, the trial court determined that a 12-month prison sentence is consistent with the principles and purposes of felony sentencing set forth in R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. Specifically, in assessing the seriousness of Lambert's conduct, the trial court found that his conduct is more serious than conduct normally constituting the offense based on the serious economic harm that the victim sustained as a result of the theft offense. *See* R.C. 2929.12(B)(2). The trial court found that none of factors under R.C. 2929.12(C) indicating that Lambert's conduct is less serious than conduct normally constituting the offense apply in this case.

-7-

{¶17} In assessing whether Lambert was likely to commit future crimes, the trial court found that he is likely to commit future crimes because he has a history of criminal convictions and that he has not responded favorably to sanctions previously imposed for those criminal convictions. *See* R.C. 2929.12(D)(1), (2). Importantly, the trial court found that Lambert "was already under supervision at the time he committed this crime, [and] had multiple violations of bond in this case," including "cut[ting] his electronic monitor off * * * ." (Oct. 30, 2023 Tr. at 13). Furthermore, the trial court found that Lambert "[r]eceived unfavorable termination [of his] previous community control" and has an Ohio Risk Assessment System "score of 34," which indicates that he has a "very high" risk of reoffending. (*Id.*). Likewise, the trial court found that Lambert expressed no genuine remorse for the offense because "he didn't even talk about how he had harmed one of the retailers here in our community." (*Id.*). *See* R.C. 2929.12(D)(5). Applying the factors under R.C. 2929.12(E)—indicating that Lambert is not likely to commit future crimes— the trial court found that none of the factors applied.

{¶18} Based on our review of the record, even though Lambert would have weighed the considerations under R.C. 2929.11 and 2929.12 differently, we conclude that the trial court did not abuse its discretion by imposing a 12-month prison sentence. *Accord State v. West*, 3d Dist. Seneca No. 13-22-07, 2022-Ohio-4069, ¶ 21. Therefore, because Lambert's sentence is within the sentencing range

and the trial court properly considered R.C. 2929.11 and 2929.12, Lambert's sentence is not contrary to law. *See Reed*, 2021-Ohio-1623, at ¶ 20.

{¶19} Therefore, Lambert's assignment of error is overruled.

{¶20} Having found no error prejudicial to the appellant herein in the particulars assigned and argued, we affirm the judgment of the trial court.

*Judgment Affirmed*

**WALDICK and MILLER, J.J., concur.**

**/hls**