[Cite as *State v. Davis*, 2025-Ohio-421.]

IN THE COURT OF APPEALS OF OHIO
THIRD APPELLATE DISTRICT
MARION COUNTY

STATE OF OHIO,

    PLAINTIFF-APPELLEE,

CASE NO. 9-24-13

v.

BRANDY N. DAVIS,

O P I N I O N

    DEFENDANT-APPELLANT.

Appeal from Marion County Common Pleas Court
General Division
Trial Court No. 22-CR-386

Judgment Affirmed

Date of Decision: February 10, 2025

APPEARANCES:

    *W. Joseph Edwards* for Appellant

    *Allison M. Kesler* for Appellee

**MILLER, J.**

{¶1} Defendant-Appellant, Brandy N. Davis ("Davis"), appeals from the March 25, 2024 judgment issued by the Marion County Court of Common Pleas. In the judgment, the trial court resentenced Davis following a remand from this court. Davis argues the trial court erred in imposing the "maximum" prison sentence instead of a lesser sentence upon resentencing her. For the reasons that follow, we affirm.

## I.    FACTS AND PROCEDURAL HISTORY

{¶2} On July 6, 2022, Davis was indicted on two counts. The first was Trafficking in a Fentanyl-Related Compound, in violation of R.C. 2925.03(A)(2), (C)(9)(g), a first-degree felony. The second was Possession of a Fentanyl-Related Compound, in violation of R.C. 2925.11(A), (C)(11)(f), also a first-degree felony. A jury found Davis guilty of both offenses and that the amount of the drug involved was greater than or equal to 20 grams but less than 50 grams. The trial court subsequently merged the two offenses at sentencing, the State elected to proceed on the trafficking charge, and the court sentenced Davis to a prison term of 10 to 15 years.

{¶3} Davis appealed. We issued a decision finding there was insufficient evidence to support the trafficking conviction, but sufficient evidence to convict her for the possession count that had been merged at sentencing. *State v. Davis*, 2024-

Ohio-132 (3d Dist.). We therefore remanded the matter for the purpose of sentencing Davis on the possession charge. *Id.* at ¶ 11.

**{¶4}** On March 22, 2024, the trial court held a resentencing hearing. Davis made a brief statement, which included an apology directed specifically to the judge himself and a list of items she had done or was doing in prison to improve herself (e.g., attending Bible studies and relapse prevention). When asked by the trial court whether there was anything she wanted to say about the crime the jury had found her guilty of committing, Davis simply said she had lied to law enforcement about her involvement and she "got punished, but [she] didn't do it." (Mar. 22, 2024 Tr. at 6).

**{¶5}** The trial court stated that it had considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12(B) through (E). It highlighted a few considerations, including Davis' criminal record and a lack of genuine remorse for the offense. After noting the sentencing range and various other aspects of sentencing, it sentenced Davis to an indefinite prison term of 10 to 15 years and imposed a mandatory drug fine of $10,000. This appeal followed.

## II. ASSIGNMENT OF ERROR

Davis raises a single assignment of error for our review:

**Assignment of Error**

**The trial court erred when it sentenced Appellant to the maximum prison sentence instead of a lesser sentence based on the circumstances surrounding the offense.**

## III.   DISCUSSION

{¶6} In the assignment of error, Davis argues the trial court erred in sentencing her to the indefinite prison term of 10 to 15 years upon resentencing, instead of a lesser sentence.[1] According to Davis, the trial court imposed its sentence because of the amount of drugs found, her alleged failure to show remorse, and her past record. She asserts that she was "working on herself to be a better person," "apologized to the Court for her actions," and "did not have any tickets or infractions" during her time in prison. (Appellant's Brief at 2). She claims that, "due to the life changes [she] has made, she should receive a lesser sentence" and asks that we remand this matter for another resentencing. (*Id.* at 3).

### A.   Standard of Review and Applicable Law

{¶7} The statute governing appeals based on felony sentencing guidelines, R.C. 2953.08, "defines the parameters and standards—including the standard of

---

[1] Although Davis' assignment of error asserts the trial court sentenced her "to the maximum prison sentence," it appears the sentence imposed actually was not the "maximum" possible sentence. *See* R.C. 2925.11(C)(11)(e) (if amount of the fentanyl-related compound involved equals or exceeds 20 grams but is less than 50 grams, then possession is a first-degree felony and "the court shall impose as a mandatory prison term one of the prison terms prescribed for a felony of the first degree"); R.C. 2929.14(A)(1)(a) (generally, the prison term for a first-degree felony "shall be an indefinite prison term with a stated minimum term selected by the court of three, four, five, six, seven, eight, nine, ten, *or eleven* years and a maximum term that is determined pursuant to" R.C. 2929.144 [emphasis added]).

review—for felony-sentencing appeals." *State v. Marcum*, 2016-Ohio-1002, ¶ 21. "[A]n appellate court may vacate or modify a felony sentence on appeal only if it determines by clear and convincing evidence that the record does not support the trial court's findings under relevant statues [identified in R.C. 2953.08(G)(2)(A)] or that the sentence is otherwise contrary to law" pursuant to R.C. 2953.08(G)(2)(B). *Id.* at ¶ 1; *see also* R.C. 2953.08(G). "'Clear and convincing evidence is that measure or degree of proof which is more than a mere 'preponderance of the evidence,' but not to the extent of such certainty as is required 'beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.'" *Marcum* at ¶ 22, quoting *Cross v. Ledford*, 161 Ohio St. 469 (1954), paragraph three of the syllabus.

**{¶8}** R.C. 2929.11 sets forth the overriding purposes of felony sentencing that the sentencing court must be guided by when sentencing an offender. R.C. 2929.12(B) through (F) list factors the sentencing court must consider, which include factors relating to the seriousness of the conduct, the likelihood of the offender's recidivism, and the offender's services in the armed forces. *E.g.*, R.C. 2929.12(D)(2) ("the offender has a history of criminal convictions"); R.C. 2929.12(D)(5) ("[t]he offender shows no genuine remorse for the offense"). The sentencing court also "may consider any other factors that are relevant to achieving those purposes and principles of sentencing." R.C. 2929.12(A). Neither statute

"requires a trial court to make any specific factual findings on the record." *State v. Jones*, 2020-Ohio-6729, ¶ 20; *see also* R.C. 2929.11 and 2929.12.

{¶9} In considering R.C. 2929.11 and 2929.12 as they relate to felony-sentencing appeals, the Supreme Court of Ohio has further limited appellate review by holding that "R.C. 2953.08(G)(2)(a) clearly does not provide a basis for an appellate court to modify or vacate a sentence if it concludes that the record does not support the sentence under R.C. 2929.11 and 2929.12," and subdivision (b) "does not provide a basis for an appellate court to modify or vacate a sentence based on its view that the sentence is not supported by the record under R.C. 2929.11 and 2929.12." *Jones* at ¶ 31, 34, 39 ("an appellate court's conclusion that the record does not support a sentence under R.C. 2929.11 or 2929.12 is not the equivalent of a conclusion that the sentence is 'otherwise contrary to law' as that term is used in R.C. 2953.08(G)(2)(b)"). Thus, R.C. 2953.08(G)(2) does not allow "an appellate court to independently weigh the evidence in the record and substitute its judgment for that of the trial court concerning the sentence that best reflects compliance with R.C. 2929.11 and 2929.12." *Id.* at ¶ 42; *see also State v. Bryant*, 2022-Ohio-1878, ¶ 22. However, "when a trial court imposes a sentence based on factors or considerations that are extraneous to those that are permitted by R.C. 2929.11 and 2929.12, that sentence is contrary to law," and claims that raise those "types of

issues are therefore reviewable." *Bryant* at ¶ 22 (finding the trial court increased the sentence based on an impermissible consideration).

### B.      Analysis

**{¶10}** Davis does not attack any of the procedural aspects in the trial court's resentencing and cites no authority apart from a general citation to R.C. 2953.08 as providing her with the right to appeal. She has not argued that the case involves any findings under the statutes identified in R.C. 2953.08(G)(2)(A), and she has not argued that the sentence is outside the statutory range. She also has not specifically argued that the sentence was based on factors or considerations extraneous to those permitted by R.C. 2929.11 or 2929.12.

**{¶11}** Instead, Davis essentially contends the trial court improperly considered and applied the sentencing factors after she provided what she believed to be mitigating circumstances that should have resulted in a lesser sentence. *E.g.*, *State v. Lambert*, 2024-Ohio-2308, ¶ 5, 14 (3d Dist.). However, the record indicates the trial court considered the overriding purposes of felony sentencing set forth in R.C. 2929.11 and the statutory factors set forth in R.C. 2929.12. Both at the resentencing hearing and in its judgment entry of sentencing, the trial court stated it had considered the purposes and principles of sentencing under R.C. 2929.11 and the seriousness and recidivism factors under R.C. 2929.12. As explained above, we are not allowed to independently review the record to determine whether the trial

court chose an appropriate sentence based on R.C. 2929.11 and the R.C. 2929.12 factors.

{¶12} Even assuming Davis is arguing that the trial court imposed the sentence based on impermissible considerations, she has not shown it did so. *See State v. Sanon*, 2023-Ohio-2742, ¶ 72-76 (1st Dist.). Additionally, the sentence imposed was within the statutory range, and Davis does not argue otherwise. *See* R.C. 2925.11(C)(11)(e); R.C. 2929.14(A)(1)(a); *Bryant*, 2022-Ohio-1878, at ¶ 22 (explaining that "otherwise contrary to law" under R.C. 2953.08(G)(2)(b) means "in violation of statute or legal regulations at a given time"). Although Davis may disagree with the weight given to the sentencing factors by the trial judge, there is no basis to vacate or modify the sentence. *State v. Webb*, 2024-Ohio-4711, ¶ 27 (2d Dist.); *State v. Williams*, 2024-Ohio-2078, ¶ 21-22 (5th Dist.) (where the trial court considered R.C. 2929.11 and the R.C. 2929.12 factors, appellant did not show consideration of any "extraneous" factors or considerations, and the sentence was within the applicable statutory range, affirming sentence for possession of fentanyl-related compound despite appellant's argument "the trial court failed to recognize he had 'turned a corner' in his life and was living lawfully and productively'").

## IV. CONCLUSION

{¶13} For the foregoing reasons, Appellant's assignment of error is overruled. Having found no error prejudicial to the appellant in the particulars

assigned and argued, we affirm the judgment of the Marion County Court of Common Pleas.

**_Judgment Affirmed_**

**WALDICK, P.J. and ZIMMERMAN, J., concur.**

**/jlm**